[No. 10,070.]

## Ex Parte C. H. LATIMER.

Power of Justice to Punish for Contempt.—A Justice of the Peace may adjudge a party guilty of contempt who, on proceedings supplementary to execution, refuses to obey an order directing him to deliver to an officer property which he has, liable to execution, and may direct him to be imprisoned until he complies with the order.

Idem.—In such cases the jurisdiction of Justice is not limited to a fine of one hundred dollars and one days imprisonment, for Section 1,219 of the Code of Civil Procedure applies to Justice's Courts.

Application to be discharged from custody on *habeas corpus*.   The facts are stated in the opinion.

*McFarland* and *Hopkins & Southit*, for Petitioner.

*J. H. Budd*, Contra.

By the Court.

A judgment was rendered against the petitioner in a civil action, in a Justice's Court, for $25 45, on which an execution issued and remained unsatisfied. It appears from the commitment returned by the Sheriff, as his authority for holding the prisoner, that "after due proceedings, had subsequently and under said execution, the petitioner appeared in Court, and, on an examination concerning his property, testified that he had on his person, and under his control, a silver watch, a gold ring, fifty cents in money, and at his home another silver watch," all of which was his property. Thereupon the Court made and entered an order (of which the petitioner was informed) that he deliver the property to one Longmair, an officer of the Court, to be applied towards the satisfaction of the execution; that the petitioner, on being informed of the order, peremptorily refused to obey it, whereupon the Court adjudged him to be guilty of contempt, and of disobeying its lawful order, and adjudged that he be imprisoned until he comply with and obey the order. The commitment directs the Sheriff to receive and detain the petitioner "until he is lawfully discharged."

It is insisted that under Section 909, of the Code of Civil Procedure, the jurisdiction of a Justice to punish for a contempt is limited to a fine not exceeding $100, and imprisonment for one day. Hence it is claimed that the Justice, in this case, exceeded his jurisdiction, and that the committment is void. But Section 905 of the same code provides that sections from 714 to 721, both inclusive, shall be applicable to Justices' Courts. These sections relate to "proceedings supplementary to the execution," and define the steps which are to be pursued in order to compel the judgment debtor to disclose his property, and to secure its application toward the payment of the execution. Section 719 provides that the Judge or referee may order the property, when disclosed, to be applied toward the satisfaction

of the judgment.   Sections 1,209 to 1;229 relate to con-
tempts; and the first of these sections commences with
these words: "The following acts or omissions, in respect
to a Court of Justice, or proceedings therein, are contempts
of the authority of the Court." It then proceeds to define
what acts shall constitute a contempt; and, amongst others,
enumerates the "disobedience of any lawful judgment, or-
der, or process of the Court." Section 1,219 provides that
"when the contempt consists in the omission to perform an
act which is yet in the power of the person to perform, he
may be imprisoned until he have performed it, and in that
case the act must be. specified in the warrant of commit-
ment." If this section applies to Justices' Courts, the Jus-
tice in this case had authority to commit the defendant un-
til he obeyed the order; and on this point we entertain no
doubt.   Section 925 of the same code provides that only
those provisions of the code "which are in their nature ap-
plicable to the organization, powers, and course of proceed-
ings in Justices' Courts, or which have been made applica-
ble by special provisions in this Title, are applicable to Jus-
tices' Courts and the proceedings therein." The necessary
inference is, that those provisions of that Code which are
in their nature applicable "to the organization, powers, and
course of proceedings in Justices' Courts," shall be applica-
ble to them; and we are of opinion that Section 1,219 comes
within this category. If it were otherwise, the Justice
would be, in great measure, powerless to compel obedience
to such an order; and there is nothing in the "organiza-
tion, powers, and course of proceedings in Justices' Courts"
in the least degree incompatible with the exercise of such
a power.   Section 909 must, therefore, be understood as
limiting the power of the Justice to punish for a contempt
merely as such; but Section 1,219 was intended to compel
obedience to the order, and not merely to punish for the
contempt. Although this obedience of the order is classified
as a contempt, and may be punished merely as such, never-
theless the sole purpose of Section 1,219 is to compel obedi-
ence to the order; and we think it is clear that this section
is applicable to Justices' Courts.   But if we had any doubt

on the point under discussion, it would be removed by reference to the fourth subdivision of Section 128 of the same code, which provides that every Court shall have power to "compel obedience to its judgments, orders, and process, and to the orders of a Judge out of Court in an action or proceeding pending therein."

We deem it unnecessary to notice the other points made by counsel.

Writ dismissed, and the prisoner is remanded to the custody of the sheriff.