## WALKER et al. v. HAFER.

(Circuit Court of Appeals, Sixth Circuit. April 15, 1909.)

### No. 1,895.

1. COURTS (§ 366*)—FEDERAL COURTS—AUTHORITY OF DECISIONS OF STATE COURTS—CONSTRUCTION OF STATUTES.

The construction which the courts of a state have placed upon its statute of frauds is binding upon the federal courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 957; Dec. Dig. § 366.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71: Montana Ore-Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co., 35 C. C. A. 7.]

2. FRAUDS, STATUTE OF (§ 116*)—SUFFICIENCY OF WRITING—SIGNATURE BY AGENT.

Under the statute of frauds, Rev. St. Ohio, 1906, § 4199, which provides that no action shall be maintained on any contract for the sale of lands "unless the agreement upon which such action is brought or some memorandum or note thereof is in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized," an undisclosed principal can be charged on a contract for the purchase of real estate when the memorandum, otherwise sufficient, is signed by his agent in his own name and the agency is not disclosed by the writing, and such agency may be proved by parol evidence.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 252; Dec. Dig. § 116.*]

Appeal from the Circuit Court of the United States for the Southern District of Ohio.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

S. D. Rouse and J. W. Warrington, for appellants.

Chas. B. Wilby, for appellee.

Before LURTON and SEVERENS, Circuit Judges, and TAYLER, District Judge.

TAYLER, District Judge. The appellants filed a bill in the court below praying for the specific performance of a contract to purchase real estate in the city of Cincinnati.

The bill alleged that they had made a contract of sale of the property described in the bill with the defendant, George Hafer, by and through his agent, George B. Poole, under the terms of which the appellants agreed to convey, at the order of Poole, the property in the bill described; that Poole, while acting for the defendant and under his orders and instructions, signed the agreement and paid on account of the purchase for and on behalf of Hafer the sum of $100. The contract, which was attached to the bill and made a part thereof, is as follows:

"Cincinnati, Ohio, May 7, 1906.

"Mr. C. B. Poole, Cincinnati, Ohio.

"Dear Sir: We, the heirs of I. N. Walker, deceased, hereby agree to convey to your order the property situate at the southeast corner of Second and Race streets, Cincinnati, being leasehold, lot being 99 feet, 6 inches more or less, on Second street, by a depth of 71 feet, 6 inches more or less, on Race street, with improvements thereon, subject to a perpetual ground rent of $1,700.00 per annum, payable in equal installments of $566.66 2-3 every fourth month. Also will convey by general warranty deed clear and free of incumbrances the fee to the property next south of above with lot 14 feet, 3 inches, more or less, by 99 feet, 6 inches more or less.

"I will pay ground rent to date of conveyance, will pay taxes for year 1905, due and payable in June, 1906, grantee to pay all taxes thereafter. Consideration to be the sum of $10,000.00, (ten thousand dollars), cash; title to both properties to be good.                                 Mary E. Walker.

                                                              "G. C. Walker.
                                                              "W. G. Walker.
                                                              "I. L. Walker.
                                                              "T. T. Walker.
                                                              "H. E. Walker,
                                                                  "By I. L. Walker.
                                                              "J. C. Walker,
                                                                  "By I. L. Walker.
                                                         "Cincinnati, May —, 1906.

"I hereby accept the above proposition.                       Geo. B. Poole.

"Received on account of above contract of sale and purchase the sum of one hundred dollars.                                I. L. Walker, Agent."

The court below sustained a demurrer to the bill, and, the complainants waiving the right to amend, judgment was entered dismissing the bill. From this decree appeal is prosecuted.

The question squarely made by the bill and the contract is whether or not such facts are pleaded as serve to take the case out of the statute of frauds.

The question of want of equity was not referred to by counsel, either in the brief or argument, or considered by the court.

Section 4199, Bates' Ann. St. Ohio, as now and for many years in force, provides that:

"No action shall be brought whereby to charge the defendant * * * upon any contract of sale of lands, tenements or hereditaments or any interest

in or concerning of them * * * unless the agreement upon which such action is brought or some memorandum or note thereof is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."

George Hafer, the person sought to be charged, does not appear by any of the allegations of the bill or by the written instrument itself to have signed any memorandum or note respecting the purchase of this property. There is, in effect, the simple allegation that George B. Poole signed the instrument, and that he was the agent therefor of George Hafer. The court below held that the memorandum did not show that the defendant, the appellee, had signed it, or that it was signed by another person "thereunto by him lawfully authorized." The specific question which we have to answer is whether or not an undisclosed principal can be charged on a contract for the sale of real estate under the statute of frauds in Ohio, when the memorandum is signed by an agent in his own name and the agency is not disclosed by the writing, and where also it is not specifically alleged that the agent was authorized in writing by the principal to sign the memorandum.

The answer to this question is to be found in the judicial interpretation of the statute of frauds in Ohio, for it is settled that the construction which the courts of a state put upon the statute of frauds must be received in the courts of the United States. Brashear v. West, 7 Pet. 615, 8 L. Ed. 801; Grafton v. Cummings, 99 U. S. 100, 25 L. Ed. 366; Moses v. Bank, 149 U. S. 298, 13 Sup. Ct. 900, 37 L. Ed. 743, and a long line of authorities laying down the general rule.

In Thayer v. Luce, 22 Ohio St. 62, the following statement of the law as in force in Ohio is made in the syllabus:

"On the trial of an issue under the statute of frauds, the assent of the plaintiff to the terms of the contract may be shown by parol testimony. If the contract was made by the agent of the plaintiff in such a case, the agency may be established by parol testimony, notwithstanding the agent may have contracted in his own name, without disclosing his agency or the name of his principal in the transaction."

On page 78 of 22 Ohio St., Judge McIlvaine, expressing the unanimous opinion of the court, says:

"The statute of frauds does not change the law as to the rights and liabilities of principals and agents, either as between themselves, or as to third persons. The provisions of the statute are complied with if the names of competent contracting parties appear in the writing, and, if the party be an agent, it is not necessary that the name of his principal should be disclosed in the writing. Indeed, if a contract within the purview of the statute be made by an agent, whether the agency be disclosed or not, the principal may sue or be sued as in other cases. In objecting to this feature of the decree, it is further urged that the liability of the plaintiff in error to Luce has been decreed, although Luce was never liable to him. And this result is claimed to be contrary to the law, which regards reciprocity of right to enforce by action, as well as mutuality of obligation to perform, as an essential element in a contract. In answer to this objection, we say that mutuality of obligation (at least of moral obligation) did exist between the plaintiff in error and Luce, and, if the right of action to enforce that obligation does not exist in favor of the former against the latter, it is solely because the statute requires the written agreement to be signed by the party to be charged therewith. The remedial laws of the state are under legislative control, and, as we understand it, the reciprocal right of parties to enforce certain contracts by action is taken away by force of this statute. If the written agreement in such case

be signed by one of the contracting parties and not by the other, the latter may enforce it by action, although the former may be remediless if the agreement be broken against him."

In the case just referred to, one Fuller was named in the contract as purchaser, but he was in fact acting for himself and Luce. When the owner of the property refused to convey, Fuller and Luce brought their action to compel Thayer, the owner of the property, to make a conveyance. The court held that the principal might, by parol proof, be shown to be acting through an agent.

To the same effect is the case of Walsh v. Barton et al., 24 Ohio St. 28. The first syllabus of that case reads as follows:

"Where the name of the agent, with whom a contract for the purchase of real estate was made, appears in the written memorandum of the agreement signed by the purchaser, who is the party to be charged, the statute of frauds is satisfied, although the names of the principals are not disclosed therein."

The opinion in this case, as in the last, was by Judge McIlvaine. Walsh, the original defendant, had signed a memorandum, declaring that he had purchased certain premises through auctioneers. The name of the owner was not in the instrument. Walsh refused to complete the contract, and the owners, as vendors, sought to enforce specific performance. In the opinion, page 39 of 24 Ohio St., the court says:

"The only question, therefore, is whether it be necessary, in order to satisfy the statute of frauds, that the names of the principals should appear in the memorandum, in a case where the contract was, in fact, made by their agents, and the names of the agents are set out in the writing. We think the statute is satisfied in this respect, when the names of the agents are set out in the writing, though the names of their principals be not disclosed. The case being thus taken out of the statute, the right or liability of the principals may be enforced, and their identity established, according to the rules of law governing in other cases, where contracts are made by agents without disclosing their principals."

In Furnace Co. v. Railroad Co., 22 Ohio St. 451, touching the question as to what is necessary to prove the assent of a principal in a case under the statute of frauds, the court says, on page 459:

"A written proposal, containing the names of the contracting parties and all the terms of the proposed agreement, signed by the proponent or by some other person thereunto by him lawfully authorized, when accepted and assented to by the party to whom the same is made, is sufficient to take an action against the proponent, founded thereon, out of the operation of the statute of frauds. And the delivery of such instrument as a proposal, and the acceptance thereof, and asssent thereto by the party to whom it is made, may be proved by parol testimony."

Another case to the same general effect as the case just cited is Egle v. Morrison, 27 Ohio Cir. Ct. R. 497. The first proposition of the syllabus in this case is as follows:

"A written contract for the sale of real estate made and signed by an agent in his own name, and without disclosing his agency or the name of his principal, is binding on and may be enforced by the principal. The agency and assent of the principal may be established by parol evidence. Such contract satisfies the requirements of the statute of frauds."

The second proposition laid down in this case is as follows:

"It is no defense to an action to compel the specific performance of a contract required by the statute of frauds to be in writing that it is not signed by both parties thereto; it is sufficient if it is signed by one of the parties to be charged, and is accepted by the other. Acceptance of the latter is shown by bringing suit upon it."

See, also, Renwick v. Bancroft, 56 Iowa, 527, 9 N. W. 367.

Egle v. Morrison was affirmed by the Supreme Court of Ohio without report. 73 Ohio St. 388, 78 N. E. 1133. As the Circuit Court afforded the plaintiff the relief which was sought, the Supreme Court could not have affirmed the case without affirming the proposition that the contract did not violate the statute of frauds.

In the case of Mertz v. Hubbard, 75 Kan. 1, 88 Pac. 529, 8 L. R. A. (N. S.) 733, 121 Am. St. Rep. 352, the court refused to follow Walsh v. Barton, supra, on the ground that in the contract which was under consideration there was an avowed agency with an undisclosed principal, and that, therefore, it appeared that the agent was not acting for himself but for another. For that reason the court refused to allow the principal to be identified by parol, and held that Grafton v. Cummings, 99 U. S. 100, 25 L. Ed. 366, and other cases to the same effect, were controlling. But the court in the Mertz Case did not question the soundness of the rule that, where a contract was signed by competent contracting parties who actually bind themselves, an undisclosed principal might be identified by parol.

While, as we have already stated, the interpretation by the Supreme Court of Ohio of the statute of frauds of that state is controlling upon us in a suit involving a contract for the sale of real estate, it will be profitable to consider and compare the case of Salmon Falls Manufacturing Co. v. Goddard, 14 How. 446, 14 L. Ed. 493, and Grafton v. Cummings, 99 U. S. 100, 25 L. Ed. 366.

In the Goddard Case, the contract related to a sale of goods, but was controlled by the statute of frauds, which, in the state of Massachusetts, where the contract was made, provided that a party should not be charged "unless some note or memorandum in writing of the bargain be made, and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized." The memorandum in this case did not, either in the body or the signature, contain the name of one of the parties, but was signed "R. M. M." and "W. G. G." R. M. M. was the agent of the manufacturing company. On page 454 of 14 How. (14 L. Ed. 493) appears the following in the opinion:

"Extraneous evidence is also admissible to show that a person whose name is affixed to the contract acted only as an agent, thereby enabling the principal either to sue or be sued in his own name; and this, though it purported on its face to have been made by the agent himself, and the principal not named. Higgins v. Senior, 8 Mees. & W. 834; Trueman v. Loder, 11 Ad. & Ell. 589. Lord Denman observed, in the latter case, 'that parol evidence is always necessary to show that the party sued is the party making the contract, and bound by it; whether he does so in his own name, or in that of another, or in a feigned name, and whether the contract be signed by his own hand (or that of an agent), are inquiries not different in their nature from the question, who is the person who has just ordered goods in a shop? If he is.

sued for the price, and his identity made out, the contract is not varied by appearing to have been made by him in a name not his own.'"

On page 455 of 14 How. (14 L. Ed. 493) appears the following:

"Now, within the principles above stated, we are of opinion that the memorandum in question was a sufficient compliance with the statute. It was competent to show, by parol proof, that Mason signed for the firm of Mason & Lawrence, and that the house was acting as agents for the plaintiffs, a company engaged in manufacturing the goods which were the subject of the sale. * * * The memorandum, therefore, contains the names of the sellers and of the buyers."

Mr. Justice Daniel, while dissenting from the judgment in this case, specifically concurred in the exposition of the law, as announced by the court on the statute of frauds; while Mr. Justice Curtis and Mr. Justice Catron dissented from the opinion of the court in its construction of the statute of frauds in the respect just referred to.

Grafton v. Cummings, 99 U. S. 100, 25 L. Ed. 366, involved the construction of the statute of frauds of New Hampshire, which provided as follows:

"No action shall be maintained on a contract for the sale of land, unless the agreement upon which it is brought or some memorandum thereof is in writing, and signed by the party to be charged, or by some person by him thereto authorized by writing."

The syllabus in this case in full is as follows:

"In order to satisfy the requirements of the statute of frauds of New Hampshire, the memorandum in writing of an agreement for the sale of lands which is signed by the party to be charged must not only contain a sufficient description of them, together with a statement of the price to be paid therefor, but in that memorandum, or in some paper signed by that party, the other contracting party must be so designated that he can be identified without parol proof."

Certainly it would seem that this statement of the law was made necessary by the peculiar language of the New Hampshire statute. The instrument whereby one of the parties was charged, if signed by an agent only, would be insufficient to hold the principal unless accompanied by a writing whereby the principal authorized the agent to sign the memorandum for him. At page 111 of 99 U. S. (25 L. Ed. 366), the court, in referring to Salmon Falls Manufacturing Co. v. Goddard, supra, says:

"In that case Mr. Justice Curtis delivered an able dissenting opinion, in which Mr. Justice Catron and Mr. Justice Daniel concurred. It may be doubted whether the opinion of the majority in all it says in reference to the use of parol proof in aid of even mercantile sales of goods by brokers is sound law. It certainly furnishes no rule to govern us in the exposition of the statutes of New Hampshire concerning contracts of sale of real estate within its own borders, where it conflicts with the decisions of the courts of that state on the subject.

It cannot be said that the expression of the court in the opinion just quoted overrules the law as laid down in the Goddard Case. The questions in the two cases were different, and it was not necessary to overrule the earlier case in order to decide the later one. However that may be, the rule laid down in the Grafton Case has no application

to this case, in consequence of the different phraseology of the statute of frauds of the two states.

From a consideration of all these cases, the following deduction must be made: The statute of frauds of Ohio defines what is necessary as the basis of a suit in which may be decreed specific performance either to convey or to accept conveyance of land. Its scope is limited to that manifest purpose. If the contract is signed as the statute requires, it follows that either of the parties who signed it may be sued by the other. If one of the parties is in fact a mere agent of an undisclosed principal, the question of agency is to be determined by the rules of law applicable to such a situation. Proof must be made of the agency, and what the nature of that proof must be depends, not upon the statute of frauds, but upon the rules of law governing the sufficiency of the proof of such agency. The form of this contract satisfied the statute of frauds. It is complete in its terms, as required by that statute. It is the basis of an action for specific performance.

From this it follows that the judgment of the court below in sustaining the demurrer to the bill must be reversed, and the case remanded for further proceedings as the law may require.