## AUDAS v. HIGHLAND LAND & BUILDING CO. OF DAYTON, KY.

### (Circuit Court of Appeals, Sixth Circuit. June 3, 1913.)

#### No. 2,326.

1. COURTS (§ 361*)—FEDERAL COURTS—FOLLOWING STATE DECISIONS.

The decision of the highest court of a state that a foreclosure proceeding was not invalidated by certain alleged defects in the procedure, so far as it establishes or accords with a settled construction of the statutes of the state is binding on a federal court, but the question may still remain whether such statutes so construed violate the due process clause of the Constitution, and upon that question a federal court must exercise its independent judgment.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 954; Dec. Dig. § 361.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. JUDGMENT (§ 489*)—COLLATERAL ATTACK—GROUNDS.

In a collateral attack on a judgment, only jurisdictional questions can be considered.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 924, 925; Dec. Dig. § 489.*]

3. CONSTITUTIONAL LAW (§ 310*)—DUE PROCESS OF LAW—JUDGMENT ON CONSTRUCTIVE SERVICE.

The prayer for relief in a petition does not constitute a part of the notice guaranteed by the due process clause of the federal Constitution, and the amendment of the prayer to conform to the cause of action stated in a case where constructive service only is made and the defendant has not appeared, which is permissible under the Kentucky Statutes as construed by the state Court of Appeals, does not invalidate the judgment as in violation of such clause.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 931; Dec. Dig. § 310.*]

4. JUDGMENT (§ 28*)—FORECLOSURE SUIT—VALIDITY OF JUDGMENT.

A personal judgment rendered in a foreclosure suit against nonresident defendants brought in by constructive service who do not appear, while void, does not invalidate that part of the judgment which forecloses the mortgage, and directs a sale of the property.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 39; Dec. Dig. § 28.*]

5. COURTS (§ 366*)—BY DEFAULT—VALIDITY—STATUTORY PROVISIONS.

Under the law of Kentucky as settled by decision, the failure of the plaintiff in a suit against a defendant constructively summoned and who has not appeared to give the bond required by Civ. Code Prac. Ky. § 410, while it renders the judgment reversible for error, does not render it void.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954–957, 960–968; Dec. Dig. § 366.*]

6. MORTGAGES (§ 497*)—FORECLOSURE SALE—STATUTORY REQUIREMENTS.

The failure of the court to follow the requirements of Civ. Code Prac. Ky. §§ 696, 697, in making sale of property in a foreclosure suit by directing the sale to be made on credit, and requiring the purchaser to give bond for the price, is not jurisdictional, where the mortgagee was the purchaser, and the price was credited on the mortgage debt, and does not render the judgment subject to collateral attack.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1469, 1471–1473; Dec. Dig. § 497.*]

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Action at law by Cynthia Audas against the Highland Land & Building Company of Dayton, Ky. Judgment for defendant, and plaintiff brings error. Affirmed.

On August 29, 1893, Thomas Audas and his wife (the latter being plaintiff in error here) borrowed $2,500 from one Kearney, giving as security therefor a mortgage on certain land in Campbell county, Ky., in which mortgage plaintiff in error joined. On April 28, 1900, Kearney began an action against Audas and wife, then nonresidents of Kentucky, to enforce his mortgage lien, and on December 22, 1900, obtained judgment and order of sale of the land. On March 6th following, at the master commissioner's sale, Kearney bought the land for $2,200. The sale was reported to the court and confirmed March 16, 1901. Kearney thereafter sold the land to one Miller, and the latter sold to defendant in error here. Thomas Audas died August 16, 1904, leaving a will making plaintiff in error his sole devisee. May 12, 1906, the latter brought an action in the Campbell circuit court to set aside the judgment and order of sale, and all proceedings thereunder in the foreclosure proceedings (as well as the conveyances under which defendant in error claimed), offering to pay into court the amount of the original loan with interest and costs of the foreclosure proceedings. Kearney answered, asking that, if this relief were granted, the Building Company be awarded $2,200 with interest, and that the balance go to Kearney. Plaintiff in error here was ordered to pay the offered money into court. Defendant in error here demurred to the petition, the demurrer was overruled, and judgment entered setting aside the foreclosure judgment and sale and all proceedings thereunder, as well as the conveyances from Kearney to Miller and from the latter to defendant in error. The Building Company appealed to the Court of Appeals of Kentucky. That court first held that in two respects reversible error was committed in the foreclosure proceedings, and affirmed the judgment below. On rehearing it was held (Highland Land & Building Co. v. Audas, 110 S. W. 325) that as the appellee (plaintiff in error here) did not institute court action within five years after judgment and order of sale in the foreclosure proceedings (as permitted by section 414 of the Kentucky Civil Code of Practice), and as the defects in that proceeding were only such as rendered the judgment erroneous and not void, the demurrer to plaintiff's petition was improperly overruled; and accordingly reversed the judgment of the circuit court, and remanded the cause for further proceedings. Thereupon plaintiff discontinued, without prejudice, her suit in the state court, and brought suit in the court below, for the recovery of the mortgaged premises. The trial judge directed verdict and judgment for defendant, and from that judgment error is prosecuted.

J. M. Dawson, of Cincinnati, Ohio, for plaintiff in error.

E. W. Hawkins, Jr., and H. M. Healy, Jr., both of Newport, Ky., for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

KNAPPEN, Circuit Judge (after stating the facts as above). [1, 2] Plaintiff's right of action for the recovery of the mortgaged premises depends upon the legal sufficiency of the foreclosure proceedings in Kearney v. Audas. This proceeding is challenged as fatally defective in four particulars. The Court of Appeals of Kentucky has held that none of these criticisms (so far as there considered) invalidated the judgment and sale. So far as this decision establishes or accords with a settled construction of the meaning of the statutes of Kentucky, this court is bound thereby. Maiorana v. B. & O. R. R. Co., 213 U. S. 268,

272, 29 Sup. Ct. 424, 53 L. Ed. 792; Standard Oil Co. v. Tennessee, 217 U. S. 413, 30 Sup. Ct. 543, 54 L. Ed. 817; Brown-Forman Co. v. Kentucky, 217 U. S. 563, 30 Sup. Ct. 578, 54 L. Ed. 883; Walker v. Hafer (C. C. A. 6th Circuit) 170 Fed. 37, 39, 95 C. C. A. 311, 24 L. R. A. (N. S.) 315; Bond v. John V. Farwell Co. (C. C. A. 6th Circuit) 172 Fed. 58, 65, 96 C. C. A. 546. But, if found to accord with the requirements of the Kentucky statutes, the question still remains whether these statutes, as so construed, violate the due process clause of the federal Constitution; and upon this question we must exercise our independent judgment. The attack here made upon the foreclosure proceeding is purely collateral, and upon such attack only jurisdictional questions can be considered. Cooper v. Reynolds, 10 Wall. 308, 19 L. Ed. 931; Simmons v. Saul, 138 U. S. 439, 452, 11 Sup. Ct. 369, 34 L. Ed. 1054; Butterfield v. Miller (C. C. A. 6th Circuit) 195 Fed. 200, 203, 115 C. C. A. 152. It should be unnecessary to say that no judgment of a court is due process of law if rendered without jurisdiction in the court, or without notice to the party. Scott v. McNeal, 154 U. S. 34, 14 Sup. Ct. 1108, 38 L. Ed. 896.

[3] 1. The prayer for relief, in the petition for the enforcement of the mortgage lien, was (omitting the clauses in brackets) as follows:

"Wherefore. the plaintiff prays judgment against the 'defendant Thomas Audas and Cynthia Audas his wife for [the sum of $2,500] his interest [from August 29, 1896] and the costs herein expended, that the land be sold and a sufficiency of the proceeds of the sale to satisfy said judgment be applied to that purpose; and for all proper and equitable relief."

The defendants were nonresidents of Kentucky. Personal service was not made upon them within the state. The provisions of sections 57–59 of the Kentucky Code were followed, which provide for substituted service by way of warning order sent through a designated attorney, by mail, to nonresident defendants. Due proof of compliance with the statute was filed. Section 1004 of the Kentucky Statutes provides that:

"Every warning order shall warn the defendant to appear and defend the action within sixty days after the making of the warning order, and the defendant shall be considered constructively summoned in thirty days after the making of such warning order." .

Defendants did not appear. After the lapse of the 60 days limited, the prayer for relief in the petiton was, on plaintiff's motion, and without notice to defendants, amended by inserting therein the two clauses above bracketed. The petition as amended thus prayed judgment for principal and interest, instead of for interest alone. The judgment and order of sale corresponded to the amended prayer.

Plaintiff in error contends that this amendment was unauthorized and rendered the judgment and sale thereunder void. She invokes section 90 of the Kentucky Civil Code, which provides that:

"The petition * * * must demand the specific relief to which the plaintiff considers himself entitled; and may contain a general prayer for any other relief to which the plaintiff may appear to be entitled. If no defense be made, the plaintiff cannot have judgment for any relief not specifically demanded."

She also invokes the rule announced by the Kentucky decisions, that in proceedings upon constructive service nothing short of a substantial compliance with every prerequisite will give the court jurisdiction. Brownfield v. Dyer, 7 Bush, 505; Grigsby v. Barr, 14 Bush, 330. In Brownfield v. Dyer the expression is used that:

"The provisions of the Code regulating the same [constructive service] must be literally followed."

She cites numerous authorities in support of the obviously correct proposition that where the defendant is not actually, but only constructively before the court, an amendment introducing a new and distinct cause of action is not permissible.

In the original petition the amount of the unpaid principal, as well as its maturity, was shown. A case was stated entitling plaintiff to a decree of sale for the entire amount of principal and interest. There was a prayer for general relief. The Kentucky Court of Appeals held that the amended petition did not "constitute a new cause of action, but simply corrected the prayer to conform to the relief to which the original petition showed plaintiff was entitled," that a new warning order was not necessary, and that the judgment was not void for the reason stated. In support of this conclusion the court cited Durrett v. Stewart, 88 Ky. 665, 11 S. W. 773. The Durrett Case is well in point. There a party instituted an action against unknown heirs of one Frederick, claiming to be entitled to a conveyance of the latter's interest in certain land. Presumably jurisdiction was obtained only by constructive notice, and without the defendants' presence. Thereafter the prayer of the petition was amended so as to assert a lien on Frederick's half of the land, and to ask a sale thereof to satisfy his half of the purchase money which the plaintiffs had paid. It was held that as the facts set forth in the petition against the unknown heirs of Frederick showed that plaintiffs were not entitled to a conveyance of the latter's half of the land, but only of a sale of the same to satisfy the lien thereon, the amendment of the prayer of the petition so as to make it conform to the cause of action stated in the petition did not introduce a new and distinct cause of action. It is true that neither in Durrett v. Stewart nor in Building Co. v. Audas was section 90 of the Kentucky Code referred to. But we cannot assume that it was overlooked. The decision in Building Co. v. Audas was, to say the least, not in conflict with the established course of decisions in Kentucky upon the point in question.

Do this construction and application of the Kentucky Statutes effect a denial of due process? It seems clear that such is not the case. In Standard Oil Co. v. Missouri, 224 U. S. 271, 285, 32 Sup. Ct. 406, 410 (56 L. Ed. 760), it is held that the prayer for relief is not a part of the notice guaranteed by the due process clause of the federal Constitution. In that case Mr. Justice Lamar said:

"In civil suits the pleadings should no doubt contain a prayer for judgment so as to show that the judicial power of the court is invoked. The rules of practice also may well require that the plaintiff should indicate what remedy he seeks. But the prayer does not constitute a part of the notice guaranteed by the Constitution. The facts stated fix the limit of the relief that

can be granted. While the judgment must not go beyond that to which the plaintiff was entitled on proof of the allegations made, yet the court may grant other and different relief than that for which he prayed."

Although this proposition was asserted in a case in which the defendant was actually before the court, yet the proceeding was criminal or quasi criminal in character, and the defendant presumably in court against its will; and no reason is apparent why a less favorable rule should be held to apply in the instant case. It should go without saying that, if a court could without amendment .grant such relief as the facts stated would warrant, it could equally do so under amendment. In the case before us the amendment made the prayer no broader than the case stated by the petition.

[4] 2. The judgment in the foreclosure proceeding not only awarded plaintiff a lien on the mortgaged premises to secure the mortgage debt, interest, and costs, but provided that· the plaintiff recover said sums from the mortgagors. The award of personal judgment against defendants so summoned, and who had not appeared in the action, was, of course, a nullity. It was not only forbidden by section 419 of the Code of Kentucky, but would be void without ·such statutory prohibition. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Butterfield v. Miller, supra. But the invalidity of the personal judgment did not affect the jurisdiction of the court or the validity of the order of sale, which order would have been equally supported by an adjudication that the amounts in question were due and unpaid. There is no such connection between the award of personal judgment and· the order of sale as to justify a presumption that the court would not have made the latter without also making the former.

[5] 3. Section 410 of the Civil Code of Kentucky provides that before a judgment be rendered against a defendant constructively summoned, and who has not appeared, a bond shall be executed with good surety approved by the court, conditioned for restoring to the defendant. all the property or ¨money obtained under the judgment (to the extent to which restoration shall be adjudged), in case the defendant procure a vacation or modification of the judgment. We assume for .the purposes of this opinion that such bond was not given; and plaintiff in error contends that failure to give it rendered the sale void.

The Court of Appeals of Kentucky in Building Co. v. Audas held that, while such failure was reversible error, it did not make the judgment· void. This conclusion is supported by Atcheson v. Smith, 3 B. Mon. 502, and Thomas v. Mahone, 9 Bush, 111, 125. In the latter case it was said:

"The local jurisdiction of the court over the thing sought to be sold, and the·jurisdiction acquired over the person of the defendant by the constructive service of process provided by law, authorizes the court to proceed; and although the failure to appoint the attorney or to take the bond required by section 440 [now 410] are reversible errors, the jurisdiction being complete, the judgment will not be void."

4. By section 694 of the Civil Code of Kentucky the court is required, before ordering a sale of real property for the payment of a debt, to be satisfied in one of certain specified ways whether or not the property can be divided without materially impairing its value. The

lots were sold in a body to the plaintiff Kearney. It does not affirmatively appear that the court passed upon the question whether the property could be sold in parcels, and plaintiff in error contends that the petition, showing, as it did, that the premises consisted of a large number of platted lots, affirmatively indicated that the sale should be made in parcels. The Court of Appeals of Kentucky held that, even if the decree of sale of the premises in bulk was erroneous (which was not conceded), it did not render the judgment void. Attention was called to the fact that the property did not sell for enough to pay plaintiff's debt, interest, and costs, and that in such case it has been held that the owner may be presumed to have lost nothing by the error in not directing the sale of enough only to satisfy the judgment. Doughty v. Moss, 1 Bush, 161.

[6] Complaint is also made that the sale (which was to the judgment plaintiff) was not on credit, as required by section 696 of the Civil Code, and that no bond for the price was given by the purchaser, as required by Code section 697, which latter section would obviously have no application where the purchase price is applied upon the mortgage debt. The Court of Appeals did not consider the last two objections, and the opinion does not indicate that they were presented to that court. In the light of the propositions announced in that opinion, and under the Kentucky decisions to which reference has been made, we cannot regard the defects in question jurisdictional, thus rendering the sale void on collateral attack. Whether or not they would render the sale reversible on direct attack we are not called upon to decide.

Learned counsel contend that the action of plaintiff in error to set aside the judgment and sale in the Kearney suit, and its dismissal by the state court without prejudice did not amount to an adjudication as against the action before us. This proposition we need not consider, as our conclusion as to this part of the case is based upon our duty to accept and follow the construction put by the state court upon state statutes, and not upon the existence of any adjudication between the parties here.

It is suggested in the brief that the action of the court below amounted not only to a denial of due process under the federal Constitution, but of the remedy by due course of law guaranteed by the Constitution of Kentucky. In what respect, if at all, due course of law under the Kentucky Constitution differs from due process under the federal Constitution, is not suggested.

We conclude that the court below rightly directed verdict against plaintiff in error; that its judgment was not a denial of due process under the federal Constitution, and not in conflict with the statutes of Kentucky, or with the decisions of its courts as to what constitutes due process in that state.

The judgment of the District Court is accordingly affirmed, with costs.