### SWISS OIL CORPORATION v. EASTERN GULF OIL CO.

(Circuit Court of Appeals, Sixth Circuit. March 14, 1924.)

No. 3890.

1. **Frauds, statute of ⊜⇒118(1)—Map held not to be considered as part of memorandum.**

A map with certain marks on it *held* not to be considered as part of a memorandum of sale of an oil lease, within Ky. St. § 470, where it bore no reference to the memorandum and was not referred to therein.

2. **Courts ⊜⇒366(1)—Decisions of state court control construction of state statute.**

In construing the statute of frauds of Kentucky, decisions of the Kentucky Court of Appeals will control.

3. **Frauds, statute of ⊜⇒110(2)—Memorandum of sale of oil lease held insufficient.**

Memorandum of sale of an oil lease on 100 acres out of a tract of 2,000 acres, described as the 100 acres adjoining another 100 acres held by one of the parties, which last-mentioned tract was further described as the 100 acres adjoining a certain well, *held* insufficient, under Ky. St. § 470.

4. **Frauds, statute of ⊜⇒158(3)—Parol evidence inadmissible to furnish description of land.**

Parol proof is admissible to find or identify a particular tract of land, when the memorandum of sale shows some particular tract was intended, but is not admissible in the teeth of the statute of frauds in Kentucky to furnish a description of the land itself.

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Suit in equity by the Swiss Oil Corporation against the Eastern Gulf Oil Company, brought in a state court and removed to the federal court. Decree for defendant, and plaintiff appeals. Affirmed.

E. L. McDonald and Clinton M. Harbison, both of Lexington, Ky. (Wilson & Harbison, of Lexington, Ky., on the brief), for appellant.

Robert H. Winn, of Mt. Sterling, Ky. (John A. Judy, of Mt. Sterling, Ky., on the brief), for appellee.

Before DENISON and DONAHUE, Circuit Judges, and HICKS, District Judge.

HICKS, District Judge. This was an action in equity, brought by the appellant here in the Fayette circuit court of Kentucky, seeking specific performance by the vendee of an alleged sale of an oil lease. The case was removed to the United States District Court for the

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Eastern District of Kentucky. A motion to dismiss the petition was sustained, whereupon an appeal was had to this court.

[1] Among other defenses, the point was made in the motion to dismiss that the description of the leasehold in the alleged sale agreement filed as Exhibit A to the petition did not satisfy section 470 of the Kentucky Statutes, commonly called the statute of frauds. A determination of this question concludes the case. To avoid the effect of said section 470 of the Kentucky Statutes, the plaintiff, by an amendment to its original bill or petition, alleges that at the time the agreement, Exhibit A, upon which this suit was predicated, was reduced to writing, the agents of the parties conducting the negotiations had before them a certain map, and that certain green lines on the map, made during the negotiations, and the legend "Eastern Gulf 100 A," written in black pencil within the green lines, were made for the purpose of indicating upon the map the location and boundary of the 100-acre tract, the oil rights in which were then proposed to be sold by the plaintiff to the defendant, and that the contract of purchase and sale herein sued upon was made upon the understanding between the parties that the 100-acre tract in question was located and bounded as shown by the above-mentioned green marking upon the map.

This map is before us. However it bears no reference to Exhibit A; neither does Exhibit A refer to it. It must therefore be considered only as parol evidence. So much of the instrument sued on as is material here is as follows:

"In accordance with our conversation, understanding and agreement, under date of March 25th, relative to our company purchasing a 100-acre lease out of the 2,000-acre Trabue heirs' tract, it is agreeable with us for you to select the 100 acres adjoining the James Goocey well, and we agree to accept the adjoining 100 acres to the north of the 100 acres to be held by your company, and same is accepted. *    *    *"

The Kentucky statute of frauds involved, being section 470 of the Kentucky Statutes, is as follows:

"No action shall be brought to charge any person *    *    * upon any contract for the sale of real estate, or any lease thereof for a longer term than one year, *    *    * unless the promise, contract, agreement *    *    * or some memorandum or note thereof, be in writing, and signed by the party to be charged therewith, or by his authorized agent. *    *    *"

[2] The decisions of the Kentucky Court of Appeals, its highest court interpreting its statute of frauds, will control this court. Walker v. Hafer (6th Circ.) 170 Fed. 39, 95 C. C. A. 311, 24 L. R. A. (N. S.) 315. The Kentucky Court of Appeals, in the case of Roberts v. Bennett, 166 Ky. 588, 593, 179 S. W. 605, 607 (L. R. A. 1916C, 1098), after reviewing the Kentucky cases upon the subject of the sufficiency of description necessary to take the case out of the statute of frauds, said:

"The rule deducible from these cases is that, while parol evidence is admissible to show what tract of land answers to the description contained in the writing, if there be such tract, it is not admissible to show what the parties intended or meant by the language of the writing. In other words, had Roberts been the owner of a farm containing about 210 acres, parol evidence would be admissible to show that fact, and thus to show that that tract answers to the description contained in the writing; but parole evidence is not

admissible to show which particular 210 acres out of the 304.59 acres owned by appellant the parties meant by the language of the description contained in the writing here involved. The writing alone must be looked at to show this, and, it failing to do so, the contract was within the statute, and invalid for want of a sufficient description of the land, and the chancellor was right in adjudging the rescission."

That court, in the case of Perry v. Wilson, 183 Ky. 155, 160, 208 S. W. 776, 778, also said:

"The rule prevailing in this jurisdiction is that, if the description of the property in the deed or writing is sufficient to identify it, so that it can be designated by parol proof, and the words of description in the writing applied with certainty to the exact property which the parties had in mind when making the contract, the description is sufficient under the statute of frauds. Extrinsic evidence is not admissible to identify the property, which the parties had in mind when making the contract, as the writing must identify it, when read in the light of the facts; but the extrinsic parol evidence is admissible to designate the property which has been identified in the minds of the parties, as expressed in the writing" (citing Kentucky cases).

In the case of Chambers v. Murphy, 192 Ky. 839, 841, 234 S. W. 960, 961, the court said:

"The first question presented is whether the description meets the requirements of the statute of frauds. It is the rule that the contract or memorandum must itself furnish the means of identifying the land, and, unless it does, the contract is within the statute" (citing Kentucky cases).

[3, 4] In the light of this Kentucky statute and the interpretations thereof by its highest court, we have examined the agreement upon which this suit is predicated, to ascertain whether there is contained within its four corners a description of any particular 100 acres agreed upon between the parties for sale and transfer. The land in question is described as "a 100-acre lease out of the 2,000-acre Trabue heirs' tract." It is further described as "the adjoining 100 acres to the north of the 100 acres to be held by your company." This completes the description, except that "the 100 acres to be held by your company" is "the 100 acres adjoining the James Goocey well." In an effort, therefore, to locate the 100 acres in litigation, it is necessary to ascertain if there is any description of "the 100 acres to be held by your company," meaning, of course, the "100 acres adjoining the James Goocey well."

Assuming that the 2,000 acres is sufficiently described as "the Trabue heirs' tract," and that "adjoining the James Goocey well" is equivalent to adjacent to the James Goocey well, or the James Goocey well tract, and that the 2,000-acre Trabue heirs' tract and the James Goocey well are correctly located, as indicated by the map, then we are justified in assuming that the southwest corner of the 2,000-acre Trabue heirs' tract and the southwest corner of "the 100 acres adjoining the James Goocey well," or the "100 acres to be held by your company," are identical. And we are further justified in assuming that the west and south lines of the "100 acres adjoining the James Goocey well," being "the 100 acres to be held by your company," project themselves from said common corner at right angles along the west and south lines of the 2,000-acre Trabue heirs' tract; but we get no further. There is nothing to indicate the terminus of either line. Further, there

is nothing to indicate the location, direction, or termini of the complementary lines necessary to inclose the "100 acres adjoining the James Goocey well," or the "100 acres to be held by your company." In other words, the description of the "100 acres adjoining the James Goocey well" fails, with the result that the description of "the adjoining 100 acres to the north," being dependent thereon, likewise fails; there being found in the agreement, Exhibit A to the bill or petition, no description of any particular 100 acres as having been agreed upon between the parties.

It is true that a surveyor might, by beginning at the common southwest corner, locate the 100 acres adjoining the James Goocey well, either in a square, or in a rectangle, or in various rectangles with different sides, and that there might be erected upon any of such locations and to the north thereof another 100 acres; but there is nothing in the agreement to indicate that any particular 100 acres was ever intended or agreed upon between the parties, as required by the Kentucky law.[1] If enough could be gathered from the written agreement to show that some particular 100 acres was intended to be transferred, then parol proof would be admissible to find or identify that particular tract; but parol proof is inadmissible, in the teeth of the statute of frauds, to furnish a description of the land itself.

The object of the statute was that in such important matters as the transfer of real estate the description thereof should be supported by more conclusive evidence than oral testimony only, and that the risk of mistakes arising from imperfect recollection of witnesses should be eliminated, and that the incentive for perjury should be removed.

Being of the opinion, therefore, that Exhibit A to the original bill or petition fails to satisfy section 470 of the Kentucky Statutes, the decree of the District Court is affirmed.

---

[1] The ambiguity has been emphasized by the equally confident opposing claims of the parties as to the necessary construction of the words used. Plaintiff insists that the contract sufficiently describes the south 100 acres of the large tract, thus producing a narrow rectangle, and offers to convey that parcel only; while defendant refers to the Kentucky rule which requires an acreage out of a larger tract to be taken in the form of a square, with due reference to the locative point, and so insists that, if the contract describes anything, it is a square 100 acres in the southwest corner of the large tract.