1-23-69

In re John Dee **LARSEN**, Petitioner.

**Civ. No. 1-66-105.**

United States District Court
D. Idaho, S. D.
April 21, 1967.

See also D.C., 302 F.Supp. 1312; 9 Cir., —— F.2d ——.

John R. Black, Richard R. Black, Black & Black, Pocatello, Idaho, for petitioner.

Allan G. Shepard,[*] Atty. Gen., State of Idaho, M. Allyn Dingle, Jr.,[*] Roger B. Wright,[*] Deputy Attys. Gen., State of Idaho, for Acting Warden, Mark Maxwell, Penitentiary, State of Idaho.

## MEMORANDUM ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

McNICHOLS, District Judge.

The Court has before it a petition for Writ of Habeas Corpus filed on behalf of John Dee Larsen, an inmate of the Idaho State Penitentiary. Petitioner is serving a life sentence following his conviction upon a charge of murder in the first degree by the District Court of the Fifth Judicial District of the State of Idaho, in and for the County of Bannock, on December 18, 1964.

The petition alleges that such confinement is in violation of petitioner's rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

The parties hereto have stipulated that a hearing and oral argument on the petition are not required and that the cause may be determined upon the record of prior proceedings held on the criminal charge in the courts of the State of Idaho.

On file with the Court are the briefs of the parties on direct appeal to the Supreme Court of Idaho; the decision of the Supreme Court affirming the decision of the trial court; petitioner's brief on petition for rehearing to the Idaho Supreme Court; and excerpts from the transcript of the proceedings in the trial court upon which petitioner's present claims are grounded. Additionally, the parties have furnished the Court with briefs in support of their respective positions on the points raised by the petition.

Jurisdiction here rests upon the allegations of the petition that petitioner is restrained of his liberty in violation of his Constitutional rights and has exhausted his state remedies as required by 28 U.S.C. Sec. 2254.

The following facts are pertinent to a determination of the merits of the petition. In April, 1962, petitioner was a suspect in the slaying of Vicki Jo Quinn near Pocatello, Idaho. Petitioner at that time, and at all subsequent proceedings, including the present one, has been represented by the same retained counsel. In March, 1964, a warrant for petitioner's arrest was issued following the filing of an information charging him with the crime of murder in the first degree. Petitioner was, pursuant to the warrant, arrested by the authorities at Las Vegas, Nevada, and held in the Clark County jail pending his return to Idaho.

Sheriff Henry Parker of Bannock County, Idaho and his deputy, Robert Aikens, drove to Las Vegas on March

[*] Former Attorney General and Deputies Attorney General.

17, 1964, to return petitioner to Pocatello for trial. The two officers visited petitioner at the jail where he was detained in Las Vegas on the evening of March 17, 1964. No attempt was made at that time to question petitioner. Sheriff Parker merely inquired if petitioner had been in touch with his attorney.

The officers and petitioner left Las Vegas on the morning of March 18, 1964, for the return trip to Pocatello, the duration of which was approximately nine and one-half hours. Upon leaving Las Vegas, the officers began asking petitioner questions relating to the crime.

Petitioner answered some of the questions, incriminating in nature, and refused to answer others, either by silence or denial. There is no doubt but that at some point along the return route petitioner indicated in responding to a question that he wanted to talk with his attorney before making any statement to the authorities. He was then assured that it was his right to remain silent and that he was not required to make a statement unless he wanted to do so. However, after this conversation the petitioner was subjected to further questioning.

Upon the trial of petitioner in the state district court both Sheriff Parker and Deputy Sheriff Aikens, over objection, were allowed to testify concerning the questions and responses which occurred on the return trip to Pocatello.

Although petitioner raises a number of Constitutional infractions by his petition, the Court addresses itself only to the question of an alleged violation of petitioner's Fifth Amendment right against self-incrimination. The other claimed violations are either without evidentiary foundation or the evidence is to the contrary.

The conduct of the officers here under attack was the continued interrogation of petitioner after he had indicated he wished to speak to his attorney prior to making any statement. Such conduct by law enforcement officers was proscribed by the recent ruling of the United States Supreme Court in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966). There the Court at p. 444, 86 S.Ct. at p. 1612 of the opinion, in part, stated:

"* * * the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. As for the procedural safeguards to be employed * * *. If, however, he indicates in any manner and at any state of the process that he wishes to consult with an attorney before speaking there can be no questioning. Likewise, if the individual is alone and indicates in any manner that he does not wish to be interrogated, the police may not question him. The mere fact that he may have answered some questions or volunteered some statements on his own does not deprive him of the right to refrain from answering any further inquiries until he has consulted with an attorney and thereafter consents to be questioned."

However, *Miranda*, supra, offers no solace for petitioner. The Supreme Court in Johnson v. New Jersey, 384 U. S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966) ruled that the *Miranda* decision was to have prospective application only. The Court stated at p. 734, 86 S.Ct. at p. 1781 of their opinion that:

"As for the standards laid down one week ago in *Miranda,* if we were persuaded that they had been fully anticipated by the holding in *Escobedo,* we would measure their prospectivity from the same date. Defendants still

to be tried at that time would be entitled to strict observance of constitutional doctrines already clearly foreshadowed. The disagreements among other courts concerning the implications of *Escobedo*, however, have impelled us to lay down additional guidelines for situations not presented by that case. This we have done in *Miranda*, and these guidelines are therefore available only to persons whose trials had not begun as of June 13, 1966."

Petitioner's trial before the state district court commenced on December 1, 1964. The conviction was affirmed by the Idaho Supreme Court on June 13, 1966. Petitioner is clearly foreclosed from the application of the *Miranda* decision to his case.

The Court, having carefully reviewed the entire record herein, is of the opinion that petitioner is not restrained of his liberty in violation of any Constitutional mandate and accordingly, it is:

Ordered that the Writ of Habeas Corpus be quashed and the action on file herein be, and the same hereby is, dismissed.