**In the Matter of John Dee LARSEN,**
**Petitioner.**

**Civ. No. 1-67-80.**

United States District Court
D. Idaho, S. D.
Nov. 2, 1967.

John R. Black, Richard R. Black, Black & Black, Pocatello, Idaho, for petitioner.

M. Allyn Dingle, Jr., Sp. Asst. Atty. Gen., Boise, Idaho, for defendant.

### ORDER

McNICHOLS, District Judge.

This is a petition for a Writ of Habeas Corpus. Petitioner, John Dee Larsen, is in the Idaho State Penitentiary under a life sentence following conviction of first degree murder in the State courts.

As shown by the records, Larsen was before this Court on a petition for Habeas Corpus on a prior occasion. (In re John Dee Larsen, D.C., 302 F.Supp. 1309). In that prior case the Court entered a Memorandum Order on April 21, 1967, denying the petition. The said Order of April 21, 1967, containing a factual background of the case, is, by reference, made a part hereof as though fully set forth herein. For reasons best known to the petitioner and his counsel, no timely appeal was taken from the denial of relief in the prior proceeding.

As was true in the other case, the Court has the benefit of the entire trial court record, including a transcript of all proceedings, copies of briefs submitted by the respective parties to the trial court and to the state appellate court, together with the opinion of the Idaho State Supreme Court, affirming the conviction.

An examination of the record before the Court makes it abundantly clear that the instant petition raises identical issues disposed of in the first case before this Court, as well as some new contentions. Indeed, petitioner herein asserts that some of the same grounds are again raised. (Par. IV, sub-par. 2, of the petition). Essentially petitioner again alleges that certain evidence of statements made by the petitioner to police officers in the absence of counsel and after arrest were admitted in evidence over objection and in violation of the petitioner's constitutional rights and privileges as guaranteed by the Fifth, Sixth and Fourteenth Amendments. (For a factual background the reader is referred to the Order of April 21, 1967, supra).

Petitioner proposes that the Court reexamine its prior holding based on a three-pronged argument. Firstly, petitioner contends that certain cited case law precedents, published after the Order of April 21, 1967, militate against the Court's former holding that the petitioner did not come within the so-called "Miranda Rule" (Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694). Secondly, petitioner avers that the said Order of April 21, 1967, did not set out with adequate specificity the reasoning of the Court in denying relief. And, finally, that no formal evidentiary hearing had been afforded.

As to the first contention, the Court has examined the proposed additional precedential authorities which petitioner claims enlarge the application of the *Miranda* holding so as to include him. I do not see that the citations change the original determination. Petitioner was tried long before *Miranda* came down. Retroactive application of *Miranda* is specifically forbidden by Johnson v. New Jersey, 384 U.S. 719, 86

S.Ct. 1772, 16 L.Ed.2d 882. Undeniably, petitioner presents a good case under *Miranda*, unfortunately his trial preceded the determination of that case by the United States Supreme Court. Only by applying the *Miranda* rule in the most liberal and literal manner, as well as retroactively, could the petitioner prevail. The newer cases relied upon by the petitioner do not convince the Court that the prior holding in this regard was in error.

Petitioner's complaint now, after appeal time has passed, and where no timely motion for amendment or other relief was sought, that the Order was not sufficiently specific is without merit. Suffice to say the Court specifically denied relief and the petitioner had his remedies.

Finally, petitioner advances the argument that the Court should have afforded a formal evidentiary hearing of the original action. However, petitioner knows that the matter, by agreement, was submitted on the record before the Court and hearing waived. The Court had before it the entire record of proceedings before all of the state courts and the petitioner clearly, and in writing, consented to submitting the matter on its merits to the Court based on the record.

It thus appears that, as to the issues raised in the prior action and reasserted here, no good cause appears for a reconsideration thereof. The Court is not required to entertain such successive applications by state-held prisoners seeking Habeas Corpus relief (28 U.S.C. § 2244). Accordingly, as to the issues presented in the earlier hearing, and reiterated in the instant petition (Par. IV, sub-pars. 2, 3 and 4; Par. V, sub-pars. 1, 2 and 3) the petition for Habeas Corpus will be denied.

Petitioner for the first time in this Court raises a question concerning the rejection of certain proof offered by the petitioner at his state jury trial. In Par. VII of the petition, petitioner alleges a denial of due process as guaranteed by the Fourteenth Amendment. Reference is made by the petitioner to the transcript of evidence which is before the Court. This evidence, and the treatment thereof by both the trial court and the State Supreme Court have been examined with care. Specifically, the record shows that the petitioner, as defendant in the state court, sought to prove that a third party had made extrajudicial statements constituting a confession wherein the said third party admitted the commission of the murder of which the petitioner was charged. The record before this Court, including the decision of the State Supreme Court of Idaho, on appeal, shows that there was presented an evidentiary question under state law. The highest court of Idaho has determined that third party confessions, made out of Court, are only admissible where the likelihood that the third party confession is true is established by other substantial evidence. Under the facts of this case, the Idaho Supreme Court determined that the trial court correctly applied the Idaho law and excluded the evidence. It is clear from the record before us that no deprivation of any constitutional right is presented by the allegations of Paragraph VII of the petition and as to that paragraph the petition for a Writ of Habeas Corpus should be denied as being without merit as clearly demonstrated on the face of the record.

I come now to the portion of the petition in which petitioner seems clearly to be presenting a new and cognizable claim of deprivation of a constitutionally guaranteed protection. Petitioner alleges that he did not receive a fair trial as guaranteed by the Sixth and Fourteenth Amendments. He affirmatively alleges the existence of widespread prejudicial and inflammatory publicity generated by the news media in the area from which the jury impaneled at his trial was chosen. Some of what are alleged to be representative examples of newspaper stories are attached to the

petition as exhibits. An examination of the record reveals no clear indications bearing one way or another on the merits of this newly presented claim of violation of a constitutionally guaranteed right to a fair and impartial trial.

However, the record further makes it quite clear that this issue has never been presented in its present constitutional posture to the courts of the State of Idaho. This Court takes judicial notice of the recently adopted statutes of Idaho providing for a post-conviction procedure patterned after the post-conviction practice of the Federal Courts as developed under 28 U.S.C. § 2255. This state statutory plan provides for full factual hearings and determinations of violations of constitutional rights. It further contemplates that such questions will be determined in the county and court in which the original state trial took place. Thus availability of witnesses and records are ensured to the fullest extent possible. It follows that the best and most complete consideration of the issue could be determined in the situs of the trial.

Petitioner here alleges that he has exhausted his state remedies. It is obvious that he has not. He has never presented the question of denial of a fair trial because of news media publicity to the state courts. A perfectly adequate state remedy for determination of this issue is presently open to him. Where state remedies have not been exhausted and adequate remedies are available, Federal Courts should require a petitioner to exhaust state remedies before seeking relief in the courts of the United States (28 U.S.C. § 2254). This would seem to be especially true where the likelihood of a fair and more efficient determination of the issues is probable. The issue of whether or not the petitioner was deprived of a fair trial, presented here for the first time, and not heretofore presented in the courts of the State of Idaho, will not be now, by this Court, entertained. Accordingly as to this issue, the petition for a Writ of Habeas Corpus will be denied without prejudice to a renewal of the same in this Court after the petitioner has availed himself of such remedies as the laws of the State of Idaho afford.

It is therefore ordered:

For the reasons above stated the petition for Writ of Habeas Corpus hereby is denied.