411 P.2d 392

Claude STOKES, Petitioner-Appellant,

v.

The STATE of Idaho, Defendant-Respondent.

No. 9661.

Supreme Court of Idaho.

Feb. 25, 1966.

Roberts & Poole, Boise, for appellant.

Allan G. Shepard, Atty. Gen., and Roger B. Wright, Asst. Atty. Gen., Boise, for respondent.

McFADDEN, Chief Justice.

Appellant, Claude Stokes, was found guilty of the crime of murder in the second degree, following a trial before a jury in the district court of Jefferson County. Following entry of judgment, he was sentenced to serve a term of not to exceed thirty-one years in the Idaho State Penitentiary.

While incarcerated in the penitentiary, appellant filed his petition for a writ of habeas corpus in the Ada County district court. The court granted the petition, and issued a writ of habeas corpus, to which the State Board of Corrections made return.

In its return to the writ, the Board of Corrections alleged that it held appellant in the penitentiary pursuant to a judgment and commitment issued out of the Jefferson County district court. On the issues framed, the court heard testimony, entered findings of fact, conclusions of law, and

judgment, quashing the writ of habeas corpus previously issued, from which judgment appellant takes this appeal.

Appellant assigns error of the trial court in not discharging him on the ground because: (1) he did not have a fair and impartial trial in the Jefferson County district court; and (2) because he had been committed on a criminal charge without reasonable or probable cause.

The Ada County district court in the habeas corpus hearing admitted into evidence the transcript of the evidence adduced before the Jefferson County district court on the second degree murder charge.

The Ada County district court found that appellant was restrained by virtue of the Jefferson County district court judgment and was duly sentenced; that appellant had counsel representing him at the trial in Jefferson County, which counsel adequately and thoroughly represented him, and that the sheriff of Jefferson County did not act as a bailiff and did not take charge of the jury. The Ada County district court concluded that appellant was lawfully held, had not been deprived of due process, and that all his constitutional rights had been accorded him.

In Ex parte Olsen, 74 Idaho 400, 263 P.2d 388, the court discusses the function of habeas corpus, and after pointing out that the office of this special writ is not to deal with issues which could be properly raised by appeal, stated:

" ' * * * If it appears that the court issuing the process by which the petitioner is held, had jurisdiction of the subject matter, jurisdiction of the person of the accused, and jurisdiction to make and issue the particular order or process by which the accused is held, and the order or process is valid on its face, he cannot be discharged by habeas corpus.

" 'Habeas corpus is not a corrective remedy, but is concerned only with defects in a proceeding which operate to render a judgment rendered, or process issued, therein absolutely void. It cannot be invoked for use in correcting mere errors or irregularities in the proceedings of a trial court which are not jurisdictional and, at the most, render a judgment merely voidable. The writ of habeas corpus was neither intended to have nor does it have, the primary function of a proceeding for the review of errors committed by a trial court within its jurisdiction, and consequently, it does not have the force and effect of such a proceeding as an appeal, error proceeding, or writ of certiorari. The proper scope of the remedy of habeas corpus as a means of a collateral attack upon a judgment or process which is absolutely void is not to be distorted by an attempt to make the proceeding

available as one in the nature of an appeal or error proceeding * * *. In other words, a writ of habeas corpus is not a writ of error or a writ in anticipation of error and cannot operate as, be converted into, or serve as a substitute for such writ * * *.' 25 Am.Jur., Habeas Corpus, § 28".

See also Cobas v. Clapp, 79 Idaho 419, 319 P.2d 475, cert. denied, 356 U.S. 941, 78 S.Ct. 785, 2 L.Ed.2d 816; Bean v. State, 58 Idaho 797, 79 P.2d 540; I.C. § 19–4215; 39 C.J.S. Habeas Corpus § 15, p. 444.

Appellant asserts that he was not afforded a fair and impartial trial. The record discloses that appellant discussed with his appointed counsel, the effect of certain newspaper articles that had been published concerning the charges against appellant and surrounding the alleged offense, and particularly a news story that appellant had had a woman locked in a potato cellar. Appellant claims he requested his counsel to obtain a change of venue by reason of these publications, and because he believed that if his case would be transferred for trial to a different county a jury therein would be more sympathetic toward him. Appellant's counsel advised that he was familiar with the people in Jefferson County and believed that appellant would have a fair trial in that county, and would not, and did not seek a change of venue.

The record does not disclose that the members of the jury were not fair or that the verdict the jury reached was by reason of bias or prejudice. Nor does the record disclose that the jury panel was selected in any manner not in accord with the provisions of law.

The trial court found that the Jefferson County appointed counsel presented evidence on behalf of appellant and adequately and thoroughly represented appellant. Examination of the record in the Jefferson County record sustains such finding of the trial court.

I.C. § 19–1801 sets forth the grounds for removal of a criminal cause as follows:

"A criminal action, prosecuted by indictment, may be removed from the court in which it is pending, on the application of the defendant, on the ground that a fair and impartial trial can not be had in the county where the indictment is pending."

Cases interpreting this section of the statute hold that the refusal to grant a motion for removal rests largely in the discretion of the trial court; the refusal is not a ground for a reversal of conviction, where it appears that the defendant had a fair trial, and that no difficulty was experienced in securing the jury. State v. Gilbert, 8 Idaho 346, 69 P. 62; State v. Hoagland, 39 Idaho 405, 228 P. 314; State v. McLennan, 40 Idaho 286, 231 P. 718; State v. Breyer, 40 Idaho 324, 232 P. 560; State v. McClurg, 50 Idaho 762, 300 P. 898.

■ Refusal of a trial court to grant a motion for removal is an appealable order, I.C. § 19–1815, and the order denying an application for removal is only reviewable on appeal from final judgment. State v. McClurg, supra. In the instant case no appeal was taken from the final judgment; in fact no application for removal was ever made to the trial court. The contention of appellant that he did not receive a fair and impartial trial in this regard is without merit.

■ Appellant asserts that he was prejudiced by delay in appointing counsel to represent him. This contention is also without merit. Complaint on the charge of murder in the second degree was filed January 14, 1963; appellant was taken before the probate judge of Jefferson County, sitting as a committing magistrate, waived preliminary hearing, and was then bound over to the district court for trial. January 15, 1963, he appeared in district court and requested appointment of an attorney to represent him, and on January 21, 1963 the court appointed an attorney to represent him. There is no showing this delay in appointment of counsel prejudiced the appellant.

■ Appellant claims that there was no proof of any crime having been committed, and no proof of the corpus delicti and hence he should be discharged on the writ of habeas corpus. He seeks discharge under the provisions of I.C. § 19–4215, subd. 7, which provides:

"If it appears on the return of the writ that the prisoner is in custody by virtue of process from any court of this state, or judge or officer thereof, such prisoner may be discharged in any of the following cases, subject to the restrictions of the last section:

" *    *    *

"7. Where a party has been committed on a criminal charge without reasonable or probable cause."

In the case of Ex parte Jacobs, 175 Cal. 661, 166 P. 801 (1917), the Supreme Court of California considering an identical statutory provision (Pen.Code § 1487, subd. 7), held that such provision was applicable only where a person has been committed for trial by a magistrate without reasonable or probable cause, stating: "If the evidence adduced on the trial was not sufficient to show the guilt of the prisoner of that charge, his remedy was by appeal." Such rule is applicable here. If appellant believed the evidence of corpus delicti was insufficient to sustain his conviction, his remedy was by appeal, not by this proceeding; In re Davis, 23 Idaho 473, 130 P. 786; Bean v. State, 58 Idaho 797, 79 P.2d 540; Cobas v. Clapp, 79 Idaho 419, 319 P.2d 475, cert. denied, 356 U.S. 941, 78 S.Ct. 785, 2 L.Ed.2d 816. See also: Ex parte Lindley, 29 Cal.2d 709, 177 P.2d 918 (1947).

Moreover the evidence was sufficient to sustain the conviction.

The judgment quashing writ of habeas corpus is affirmed.

McQUADE, TAYLOR, SMITH and SPEAR, JJ., concur.