**Chrisp HEARD, Jr., Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22356.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 4, 1969.

Decided Oct. 28, 1969.

Mr. William H. Allen, Washington, D. C. (appointed by this court), with whom Messrs. Peter J. Nickles and Henry

Goldberg, Washington, D. C., were on the brief, for appellant.

Mr. Robert P. Watkins, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., at the time the brief was filed, Frank Q. Nebeker, Asst. U. S. Atty., at the time the brief was filed, and David C. Woll, Asst. U. S. Atty., were on the brief, for appellee. Mr. John D. Aldock, Asst. U. S. Atty., also entered an appearance for appellee.

Before BAZELON, Chief Judge, and McGOWAN and LEVENTHAL, Circuit Judges.

PER CURIAM:

This is the second appeal from the denial of appellant's motion under 28 U.S.C. § 2255 attacking his 1963 conviction for the sale of narcotics.[1] Appellant's principal defense at trial was insanity. On direct appeal from the conviction this court sustained the trial court's ruling that the evidence of insanity was insufficient to require an insanity instruction.[2] Rehearing en banc of the direct appeal was denied, with four judges dissenting.[3] The failure of defense counsel to marshal sufficient evidence of insanity provides the basis for appellant's collateral attack; he contends that (1) he received ineffective assistance of counsel at trial, and (2) the trial court should have held a hearing sua sponte on his competency to stand trial. The district court summarily rejected the competency claim on the merits, and the ineffective assistance claim on the ground that the issue had been heard and determined on direct appeal.[4] We disagreed, and remanded for a hearing on the ineffective assistance issue, and on the competency issue as well, because of the possible relationship between appellant's competency and counsel's ef-

fectiveness.[5] After a full hearing, the district court again denied appellant's motion. We affirm.

In presenting the insanity defense, counsel failed to explore the relationship between addiction and mental illness, and failed to explore the relationship of either to appellant's personality structure or to the charges and evidence against him. A careful examination of the record reveals that the dearth of psychiatric testimony may have resulted from an unfortunate misunderstanding of the law relating to narcotics addiction and criminal responsibility. At the remand hearing trial counsel testified that he had sought assistance from several psychiatrists who had studied the relationship between narcotics addiction and mental illness in connection with an earlier case. According to counsel, the psychiatrists "did not want to have anything to do with the Court" because they believed the court had rejected their professional opinion on the connection between narcotics addiction and mental illness.

This court has never held that evidence of narcotics addiction is irrelevant to the proof of mental illness. If addiction is a symptom of an underlying mental illness, or if the addiction process itself involves "any abnormal condition of the mind which substantially affects mental or emotional processes and substantially impairs behavior controls,"[6] then evidence of addiction is clearly probative on the issue of insanity. No psychiatrist who sees a relationship between addiction and illness should feel constrained by any decision of this court or any other court to pervert his professional opinion or to withhold it on the assumption that it is unwelcome to the court or barred by some principle of law. The court and counsel can provide ap-

1. 21 U.S.C. § 174 (1964); 26 U.S.C. § 4704(a) (1964); 26 U.S.C. § 4705 (a) (1964).

2. Heard v. United States, 121 U.S.App. D.C. 37, 348 F.2d 43 (1964).

3. *Id.* at 42, 348 F.2d at 48.

4. Heard v. United States, 263 F.Supp. 613 (D.D.C.1967).

5. United States v. Heard, 129 U.S.App. D.C. 100, 390 F.2d 866 (1968).

6. McDonald v. United States, 114 U.S. App.D.C. 120, 124, 312 F.2d 847, 851 (1962).

propriate instructions to the jury to obviate misunderstanding of the legal significance of his testimony. Counsel in this case may have been handicapped in the effort to prepare his defense by the erroneous assumption of others that testimony relating addiction to illness is barred by law.[7]

Lacking crucial expert testimony, counsel had planned to elicit from appellant himself his life history, a description of his addiction process, and testimony that he was driven by his addiction to engage in the sale of narcotics. Appellant's willingness to testify was apparently the subject of an involved controversy between counsel and client; his ultimate refusal to testify eliminated the evidence on which counsel had intended to rely.

On the facts of this case, counsel cannot be branded ineffective for failing to present a more adequate insanity defense. The record does not establish ineffective assistance as required for such a holding.[8] We must also reject appellant's claim that a competency hearing should have been ordered sua sponte by the trial court. Neither his refusal to testify nor his other behavior at trial cast sufficient doubt on his competency to require a sua sponte hearing despite the issuance of a competency certificate by the superintendent of St. Elizabeths Hospital.[9] It may well be that appellant is sound in contending that his trial proceeded on the insanity defense without full presentation of the psychiatric testimony that should have

been available. We are unable to find a firm ground for a judgment sustaining a collateral attack.

Affirmed.

---

7. The same misunderstanding may be at the root of the following colloquy that took place at trial.

> Defense counsel: Doctor, with respect to his procuring—being a narcotic addict—with respect to his procuring narcotics, would his mind have been normal or abnormal?
>
> \*   \*   \*   \*   \*
>
> Court: Do you mean to ask the Doctor if a narcotic addict is mentally ill?
> Defense counsel: I merely want to ask one phase of the question, Your Honor.

> Court: I don't know how he can answer that phase of it; it is either one thing or the other.

The psychiatrist testified that defendant's behavior controls and emotional processes were impaired by his addiction, but he had no mental disease or defect.

8. *See* Bruce v. United States, 126 U.S. App.D.C. 336, 339–341, 379 F.2d 113, 116–118 (1967).

9. *See* Green v. United States, 128 U.S. App.D.C. 408, 414, 389 F.2d 949, 955 (1967).