468 P.2d 866

**John Dee LARSEN, Plaintiff-Appellant,**

**v.**

**Raymond C. MAY, Director of Corrections and State of Idaho, Defendants-Respondents.**

**No. 10483.**

Supreme Court of Idaho.

May 6, 1970.

Richard R. Black, Pocatello, for appellant.

Robert M. Robson, Atty. Gen., and M. Allyn Dingel, Jr., Special Asst. Atty. Gen., Boise, for respondents.

DONALDSON, Justice.

John Dee Larsen (petitioner-appellant) filed an amended Application for Post-Conviction Relief in district court. The petition as amended was based on the following grounds:

(1) That petitioner was denied his right to due process of law by reason of prejudicial publicity generated by the news media depriving him of a fair and impartial jury trial.

(2) That admissions and declarations (made to officers while traveling in an automobile from Las Vegas to Pocatello) were admitted at trial in violation of petitioner's rights under the Fourteenth Amendment of the United States Constitution.

(3) Petitioner's rights, protected by the Fourteenth Amendment to the United States Constitution, were violated since prospective jurors were systematically excluded from sitting at his trial pursuant to I.C. § 19–2020, Subsection 9,[1] by reason of entertaining conscientious objections to the death penalty.

---

1. I.C. § 19-2020(9).

"19-2020. Grounds of challenge for implied bias.—A challenge for implied bias may be taken for all or any of the following causes and for no other:

\*    \*    \*    \*    \*

9. If the offense charged be punishable with death, the entertaining of such conscientious opinions as would preclude his finding the defendant guilty; in which case he must neither be permitted nor compelled to serve as a juror."

The district court denied Larsen's application since:

"* * * no genuine issue of material fact exists and respondent [State of Idaho] is entitled to judgment as a matter of law, and Petitioner's Petition for Post Conviction Relief, as amended, be and the same is hereby denied, the questions raised therein having been previously ruled upon."

Larsen has appealed to the Supreme Court from the order of the district court denying his application for Post-Conviction Relief and urges numerous errors in support thereof. Many of the errors assigned by appellant are frivolous, and this Court will consider only those which are meritorious.

■ Appellant asserts that he was prevented from receiving a fair and impartial trial since it was held in an atmosphere of prejudicial publicity. The record indicates however that Larsen failed to assert at his trial, and on direct appeal, procedural remedies which would have protected him. Larsen made no motions for continuance, change of venue, new trial or mistrial. Furthermore this issue was not raised on direct appeal to this Court.[2] This Court considered the question in Stokes v. State, 90 Idaho 339, 411 P.2d 392 (1966) and stated:

"In the instant case no appeal was taken from the final judgment; in fact no application for removal was ever made to the trial court. The contention of appellant that he did not receive a fair and impartial trial in this regard is without merit." 90 Idaho 339 at 344, 411 P.2d 392 at 394 (1966).

■■ Appellant attempts to excuse his tardy realization of this right by claiming that the requirement of proving a clear nexus between "community feeling" and its actual influence on the jury was abandoned *after* appellant's trial which took place in 1964. Thus Larsen claims, he could not be expected to make motions on the basis of future United States Supreme Court decisions. However, one year prior to Larsen's trial, the United States Supreme Court in Rideau v. Louisiana, 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663 (1963) decided that evidence of pervasive community prejudice is sufficient enough for reversal even without a showing of a clear nexus between jury feeling and community feeling.

"But we do not hestitate to hold, *without pausing to examine a particularized transcript of the voir dire examination of the members of the jury,* that due process of law in this case required a trial before a jury drawn from a community of people who had not seen and heard Rideau's televised 'interview.'" 373 U.S. 723 at 727, 83 S.Ct. 1417 at 1419 (1963). (Emphasis supplied.)

Furthermore the United States Circuit Court of Appeals for the District of Columbia has recently held in Heard v. United States, 419 F.2d 682 (D.C. Cir., 1969) that a client bears the risk when his attorney proceeds under an erroneous assumption of law. An attorney, when conducting his client's defense, should place the burden of erroneous decision of law upon the trial court instead of bearing it himself. In this way he (1) raises the issue and the court is able to make a ruling on it; (2) if the ruling is unfavorable, he then has the opportunity to use the adverse decision as a ground for appeal.

■ Appellant claims that certain newspaper articles generated a climate of unfavorable publicity thus preventing selection of a fair and impartial jury in violation of his constitutional rights, however the newspaper articles complained of by Larsen fall short of the requirement that they be "inherently suspect." See Rideau v. State of Louisiana, *supra;* Estes v. State of Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965); Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); Pamplin v. Mason, 364 F.2d 1 (5th Cir.

2. State v. Larsen, 91 Idaho 42, 415 P.2d 685 (1966).

1966). The record indicates that many of the articles complained of do not even refer to Larsen and were published two years before trial. Others were published after the trial was started and the jury sequestered.

"We are constrained to the view that the newspaper article referred to in the instant case presents neither the degree of publicity nor the prejudice inherent in the referred to United States Supreme Court cases. Moreover, 'Something must be presumed for the intelligence and fairness of the jurymen.' Watkins v. Mountain Home Co-op Irr. Co., 33 Idaho 623, 638, 197 P. 247, 251 (1921)." State v. Scroggins, 91 Idaho 847 at 848, 433 P.2d 117 at 118 (1967).

■ Appellant claims the trial court erred in its adjudication that statements and admissions made while in custody were admissible at his trial. This Court has once passed upon this contention [3] and thus, the pronouncements regarding this claim are res judicata.[4]

Petitioner claims that fair-minded jurors were systematically excluded from his trial since all those who had any reservations about imposing the death penalty were excused. This Court has recently spoken to the very point herein raised by appellant in the case of State v. Linn, 93 Idaho 430, 462 P.2d 729 (1969).

"Any question involving the death penalty in the case at bar is moot since it was not imposed. However this Court is not unware of the decision in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), and call to the prosecuting attorney's and district judge's attention that veniremen can no longer be excluded for cause simply because they voice general objections to the death penalty or express conscientious or religious scruples against its infliction. This is so because, ' * * * a State may not entrust the determination of whether a man should live or die to a tribunal organized to return a verdict of death.' 391 U.S. 510 at 521, 88 S.Ct. 1770, at 1776, 20 L.Ed.2d 776 (1968)." 93 Idaho 430 at 436, 462 P.2d 729 at 735 (1969).

■ In the case at bar the death penalty was not imposed and therefore, as in *Linn, supra,* the question has become moot.

■ Finally appellant asserts that the trial court erred in granting respondent's motion to dismiss the verified amended Petition for Post-Conviction Relief since the motion was unsupported by any affidavits or depositions contradicting the allegations of fact therein. However the respondent in his answer to the petition explored the entire history of appellant's case both in the State and Federal courts and referred to the entire state court's proceedings, and pleadings and exhibits in the United States Federal District Court. Under the Uniform Post-Conviction Procedure Act, the court may grant a motion for summary disposition of an Application for Post-Conviction Relief when it appears from the pleadings and the record that there is no genuine issue of

3. State v. Larsen, *supra.*

4. The United States District Court for Idaho and the United States Circuit Court of Appeals, 9th Circuit, have also considered appellant's contentions. The Federal District Court in considering statements and admissions made by appellant while in custody was of the opinion that Larsen was not restrained of his liberty in violation of any constitutional mandate even though "Such conduct by law enforcement officers was proscribed by the recent ruling of the United States Supreme Court in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) * * * [However] Miranda, supra, offers no solace for petitioner. The Supreme Court in Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966) ruled that the Miranda decision was to have a prospective application only * * *". Matter of Larsen, 302 F.Supp. 1309. The Circuit Court of Appeals for the Ninth Circuit affirmed the decision of the district court, Larsen v. Stiles, 417 F.2d 634 (1969).

**606**

material fact and the moving party is entitled to judgment as a matter of law. I.C. § 19–4906; I.C. § 19–4907.[5] Furthermore the Uniform Post-Conviction Procedure Act does not require the trial court to consider again issues previously heard and decided by this Court. I.C. § 19–4901 (a) (4).[6]

Judgment affirmed.

McFADDEN, C. J., and McQUADE, SHEPARD, and SPEAR, JJ., concur.

5. "19–4906. Pleadings and judgment on pleadings.—(a) Within 30 days after the docketing of the application, or within any further time the court may fix, the state shall respond by answer or by motion which may be supported by affidavits. At any time prior to entry of judgment the court may grant leave to withdraw the application. The court may make appropriate orders for amendment of the application or any pleading or motion, for filing further pleadings or motions, or for extending the time of the filing of any pleading. In considering the application the court shall take account of substance regardless of defects of form. If the application is not accompanied by the record of the proceedings challenged therein, the respondent shall file with its answer the record or portions thereof that are material to the questions raised in the application.

(b) When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or, direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if there exists a material issue of fact.

(c) The court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."

"19–4907. Hearing—Evidence—Order—Presence of applicant.—(a) The application shall be heard in, and before any judge of, the court in which the conviction took place. A record of the proceedings shall be made and preserved. All rules and statutes applicable in civil proceedings including pre-trial, discovery and appellate procedures are available to the parties. The court may receive proof by affidavits, depositions, oral testimony, or other evidence and may order the applicant brought before it for the hearing. If the court finds in favor of the applicant, it shall enter an appropriate order with respect to the conviction or sentence in the former proceedings, and any supplementary orders as to rearraignment, retrial, custody, bail, discharge, correction of sentence, or other matters that may be necessary and proper. The court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented. This order is a final judgment.

(b) The applicant should be produced at the hearing on a motion attacking a sentence where there are substantial issues of fact as to evidence in which he participated. The sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing and requiring the applicant to be present."

6. "19–4901. Remedy—To whom available—Conditions.—(a) Any person who has been convicted of, or sentenced for, a crime and who claims:
*     *     *     *

(4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice; * * *."