531 P.2d 1187

Guy Donovan **COOPER**, Plaintiff-Appellant,

v.

**STATE** of Idaho, Defendant-Respondent.

No. 11522.

Supreme Court of Idaho.

Feb. 18, 1975.

**544**

William Becker, Pocatello, for plaintiff-appellant.

W. Anthony Park, Atty. Gen., James P. Kaufman, Asst. Atty Gen., Boise, for defendant-respondent.

McQUADE, Chief Justice.

This is an appeal from an order of the district court dismissing an application for post-conviction relief. The appellant petitioned the district court to review and set aside his two judgments of conviction for robbery. Those judgments had been entered on December 6, 1971, following the district court's entry of appellant's guilty pleas. The State, through the prosecuting attorney of Bannock County, moved to dismiss the application for post-conviction relief.

The robberies in question occurred on September 25 and 28, 1971, in Pocatello. On September 29, 1971, appellant signed a police consent form and appeared in a lineup. At that lineup he was identified by three witnesses. As a result of those identifications appellant was charged with the two robberies and with statutory rape. The rape charge was later dismissed.

On November 8, 1971, appellant pleaded not guilty to both robbery charges. At the request of defense counsel, appellant received a psychological evaluation sometime during the month of November 1971. On December 3, 1971, after consultation with defense counsel, appellant completed a court-prescribed questionnaire that inquired into his understanding of the charges and the voluntariness of his proposed changed pleas. On December 6, 1971, appellant withdrew his pleas of not guilty and pleaded guilty to both charges. Before accepting his guilty pleas, the district court examined appellant concerning his understanding of the charges, the voluntariness of his pleas and his recognition that by pleading guilty he was waiving several constitutional rights. The district court based its interrogation on the December 3rd pre-pleading questionnaire. Appellant waived any additional time prior to sentencing as well as a pre-sentence investigation. The district court sentenced appellant to two concurrent indeterminate terms of fifteen years.

In June 1972, appellant filed his application for post-conviction relief. He asked that the robbery convictions be set aside, claiming that the September 29, 1971 lineup had violated his constitutional rights and that his guilty pleas had been coerced. Cooper claimed he voluntarily appeared in the lineup in regard to only one of the robberies (it is unclear for which robbery appellant supposedly consented to appear). He claimed that since he was the only subject with a black eye, the lineup was unfairly suggestive. He maintained that he was entitled to representation by counsel during the lineup. Cooper also argued that he pleaded guilty for the following reasons: (1) To get out of the county jail; (2) because counsel told him not to seek a jury trial due to excessive costs; and (3) because counsel advised him that if he went to trial he would receive a much more severe sentence.

The prosecuting attorney moved to dismiss the application arguing that it failed to set forth facts or information upon which post-conviction relief could be granted. Attached to the State's motion were copies of the pre-pleading questionnaire, the reporter's transcript of the proceedings on December 6, 1971, wherein appellant changed his pleas to guilty, and appellant's signed consent form to participate in the lineup of September 29, 1971.

Appellant's counsel moved to amend the original application for post-conviction relief by adding to it additional grounds for relief. The amendment restated some of Cooper's earlier allegations and also alleged that he had been suffering severe mental difficulties during the criminal proceedings. Cooper maintained that he was "forced" to plead guilty because of these mental problems and the tainted identification made during the lineup.

The State moved to dismiss as to the original petition and the amendment. Attached to the State's motion was an affidavit of the Bannock County Public Defender that he had attended the lineup at the request of the district court and was appointed to represent appellant on the day following the lineup. Also attached thereto was a copy of the mental evaluation of appellant made during November 1971.

Following a hearing on the motions, the trial court gave notice of its intention to dismiss the application for post-conviction relief. The order of dismissal was entered on December 20, 1973, wherein the trial court found:

"* * * as a matter of fact, that at the time the movant entered a plea of guilty to the offense as charged, he was aware of the nature of the offense and the consequences of his plea.

Based upon the foregoing findings, the court concludes that the petition of the movant is without foundation and the same should be dismissed."

In early January 1973, appellant wrote a letter to this Court which we accepted as notice of appeal.

The appellant makes one assignment of error, i. e., the district court erred in dismissing his application for post-conviction relief without holding an evidentiary hearing to fully explore the contentions raised by the application. He maintains the district court should have investigated through the medium of an evidentiary hearing his application wherein he raised questions as to: (1) the unfair suggestiveness of the lineup; (2) the lack of counsel at the lineup; (3) pleas induced by false statements of counsel; and (4) appellant's mental capacity during the criminal proceedings.

We reaffirm several rules relevant to post-conviction relief. In proceedings under the Uniform Post-Conviction Procedure Act the applicant has the burden of proving the allegations which he contends entitle him to relief by a preponderance of the evidence. Tramel v. State.[1] With certain exceptions stated hereafter, until the allegations contained in a verified application for post-conviction relief are controverted by the State, they must be deemed to be true for the purpose of determining if an evidentiary hearing is to be held. Smith v. State.[2] A motion to dismiss, unsupported by affidavits, depositions or other materials, does not controvert the allegations in the petition. When the alleged facts, even if true, would not entitle the applicant to relief, the trial court may dismiss the application without holding an evidentiary hearing. Id. Allegations contained in the application are insufficient for the granting of relief when they are clearly disproved by the record of the original proceedings, or do not justify relief as a matter of law. Pulver v. State.[3] The trial court may summarily dispose of an application for post-conviction relief "* * * when it appears from the pleadings and the record that there is no genuine issue of material fact and the moving part is entitled to judgment as a matter of law." Larsen v. May.[4]

1. 92 Idaho 643, 448 P.2d 649 (1968).

2. 94 Idaho 469, 491 P.2d 733 (1971). See Clark v. State, 92 Idaho 827, 452 P.2d 54 (1969) ; Tramel v. State, supra n. 1.

3. 93 Idaho 687, 471 P.2d 74 (1970).

4. 93 Idaho 602, 605–606, 468 P.2d 866, 869–870 (1970). See I.C. § 19–4906; I.C. § 19–4907.

## I

On this appeal the appellant contends the lineup of September 29, 1971, was unfairly suggestive because he was the only participant in the confrontation with a black eye. He alleges this was a distinguishing characteristic which tainted his identification by three witnesses viewing the lineup. He maintains the lineup and witness identification violated his constitutional rights and had an impermissibly coercive effect during plea negotiations, thus his guilty pleas were subject to collateral attack and are invalid.

In State v. Sadler,[5] this Court cited the effect of recent United States Supreme Court cases[6] on pre-trial identification procedures. We recognized that Kirby v. Illinois has elevated the due process test used in Stovall v. Denno " * * * to controlling stature in determining whether a confrontation prior to the commencement of formal judicial criminal proceedings is improper."[7] The Stovall test is twofold: (1) Was the identification confrontation so unnecessarily suggestive and conductive to irreparable mistaken identification that the defendant was denied due process of law? (2) A claimed violation of due process depends on the totality of the circumstances surrounding the lineup.[8]

Appellant appeared in the lineup on the day following the second robbery. In his affidavit, appellant's attorney stated: (1) At the request of the district court, he (the attorney) was present during the lineup when appellant was positively identified by at least three witnesses; (2) Appellant had a black eye during the lineup; (3) Counsel conducted an extensive cross-examination of the victim of the September 28, 1971, robbery during a preliminary hearing, at which time the victim positively identified the appellant; (4) That victim testified appellant did not have a black eye at the time of the robbery; (5) Counsel advised appellant there existed legal questions he could raise concerning the lineup; and (6) counsel was never permitted to raise the question of the black eye or other issues because appellant decided to plead guilty.

Judged in the totality of the circumstances surrounding the lineup, we conclude that confrontation was not so unnecessarily suggestive as to deny appellant due process of the law. The existence of the black eye at the time of the lineup was not an identifiable characteristic of the perpetrator of the robbery, and does not elevate the lineup to the requisite level of suggestiveness.[9]

## II

Appellant claims the lineup was defective because he was denied the assistance of counsel. This contention cannot be sustained by current authority.[10] Appellant's attorney adequately performed the duties of advocacy intended by having counsel present at an identification confrontation. He was present at the lineup, albeit at the request of the district court. He extensively cross-examined one of the identifying witnesses at a preliminary hearing. He advised appellant that several legal issues existed concerning the lineup

5. 95 Idaho 524, 511 P.2d 806 (1973). *Accord,* State v. Grierson, 95 Idaho 155, 504 P.2d 1204 (1972).

6. E. g., Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969).

7. State v. Sadler, *supra* n. 5, 95 Idaho at 528, 511 P.2d at 810.

8. *Id. See* Stovall v. Denno, *supra* n. 6.

9. *See* Hernandez v. State, 7 Md.App. 355, 255 A.2d 449, 39 A.L.R.3d 476 (1969); Annotation at 39 A.L.R.3d 487.

10. In State v. Sadler, *supra* n. 5, and State v. Grierson, *supra* n. 5, this Court followed the United States Supreme Court's decision in Kirby v. Illinois, *supra* n. 6, and declined to extend the per se exclusionary rule announced in United States v. Wade, *supra* n. 6, which required the presence of counsel at identification confrontations, to those confrontations conducted prior to the institution of formal judicial proceedings.

and that he intended to bring those questions before the district court.[11] These issues were not raised because appellant decided to plead guilty to the robbery charges.[12]

Appellant claims that because of the alleged defects in the lineup, his guilty pleas were unconstitutionally coerced, and that on this collateral attack the pleas must be vacated. We have already concluded that the lineup confrontation did not violate due process of law. The procedures used were not unnecessarily suggestive. Counsel was present at the lineup and advised appellant of possible legal issues concerning the confrontation which appellant decided to forego by pleading guilty after plea negotiations. Except for counsel's extensive cross-examination of one of the identifying victims at a preliminary hearing, the process wherein appellant could have challenged the results of the lineup was short-circuited by the guilty pleas. That appellant was identified at a lineup is not in itself impermissibly coercive; nor is the fact that this might have inclined appellant towards a plea arrangement. After an examination of the record we hold the lineup did not induce pleas of guilty through ignorance, fear or fraud. The pleas were not unconstitutionally coerced, but were made voluntarily and with an understanding of their consequences.[13]

### III

Appellant maintains his application for post-conviction relief also alleged that his guilty pleas were induced by false representations of counsel. He claims this allegation should also have been investigated at an evidentiary hearing. In his brief, he then concedes that "[t]he Trial Court apparently considered the Affidavit of the Appellant's trial counsel and the proceedings in the case to adequately overcome Cooper's assertions that his guilty pleas were induced by untrue and unfair representation of counsel."

The trial court possessed adequate information from the augmented record, including the affidavit of the public defender, upon which to properly dispose of this allegation without holding an evidentiary hearing.[14]

### IV

The final question raised is whether the trial court erred in rejecting appellant's contention that he was not mentally competent to plead or otherwise intelligently participate in the criminal proceedings.

Before appellant's institution of these post-conviction relief proceedings, there was no indication that Cooper did not possess the requisite mental capacity to enter an intelligent and competent guilty plea. A person is mentally competent to

---

11. Several avenues were open to appellant and his counsel to attack the lineup:
    (1) The defense could ask for a suppression hearing (See I.C.R. 12) ;
    (2) Request a lineup to be conducted by the defense. *See* United States v. Ravich, 421 F.2d 1196 (2nd Cir. 1970).
    (3) Ask for an in-court lineup at trial. *See* United States v. Williams, 436 F.2d 1166 (9th Cir. 1970) ; or
    (4) Dispute the lineup identification through extensive cross-examination of witnesses at trial.

12. The public defender's affidavit reflects that appellant decided to plead guilty if some of the charges would be dropped and if he would receive a concurrent sentence. A plea arrangement following acceptable procedures is not impermissibly coercive. *See* Pulver v. State, *supra*, n. 3.

13. *See* State v. Turner, 95 Idaho 206, 506 P.2d 103 (1973). *Accord*, Lockard v. State, 92 Idaho 813, 451 P.2d 1014 (1969) ; Pulver v. State, *supra* n. 3. *Also see* Walker v. State, 92 Idaho 517, 446 P.2d 886 (1968) (Petitioner's allegations of a coerced statement did not entitle him to post-conviction relief, since his conviction was based on his guilty plea and not on the statement) ; King v. State, 93 Idaho 87, 456 P.2d 254 (1969).

14. *See* Burge v. State, 90 Idaho 473, 413 P.2d 451 (1966) ; Davidson v. State, 92 Idaho 104, 437 P.2d 620 (1968) ; Pulver v. State, *supra* n. 3. This allegation also falls within the rule that if issues are not argued nor supported by authority on appeal, they will not be considered. Baker v. Ore-Ida Foods, 95 Idaho 575, 513 P.2d 627 (1973).

enter a plea if he understands his right to constitutional due process and counsel, confrontation of witnesses, freedom from compulsion to testify, right to trial by jury, understands the nature of the charge against him, and is capable of understanding the legal consequences of guilt.[15]

Appellant's original counsel in an affidavit presented by the State to support its motion to dismiss the application for post-conviction relief, stated appellant had advised him that " . . . he had mental problems. I (counsel) immediately requested Gateway Mental Health Center to make an evaluation of the defendant. This was done and a copy of said report is attached to this Affidavit." The mental evaluation was addressed to counsel, was inconclusive and superficial and does not indicate that appellant did not conform to the herein enunciated standard when entering his guilty pleas.

On the basis of appellant's remarks, counsel requested and received a mental evaluation. Yet, he failed to raise the issue of appellant's mental competency before the criminal trial court. That trial court determined appellant was making knowing and voluntary pleas of guilty on the basis of the pre-pleading questionnaire, and the extensive interrogation conducted at the entry of the pleas (at which time appellant was represented by experienced counsel). In studying the transcript of the pleading proceedings, we conclude the trial court was justified in its determination that appellant knowingly and intelligently entered his pleas of guilty.[16] This case is readily distinguished from those cases wherein the trial court possessed evidence which raised a bona fide doubt as to the accused's mental capacity to intelligently participate in the proceedings.[17]

 The State adequately controverted appellant's allegation as to mental incompetency at the entry of his pleas. Appellant made allegations, but failed to present evidence of material facts which would qualify him for an evidentiary hearing on this issue.[18] The reviewing trial court was justified in finding that appellant knowingly entered his pleas. The trial court, therefore, did not err in dismissing the application for post-conviction relief without holding an evidentiary hearing.

The order of the district court is *affirmed*.

McFADDEN, DONALDSON, SHEPARD, and BAKES, JJ., concur.

---

15. State v. Dodd, 70 Wash.2d 513, 424 P.2d 302 (1967), cert. denied, 387 U.S. 948, 87 S.Ct. 2086, 18 L.Ed.2d 1338 (1967).

16. *Id. See* State v. Hinkley, 93 Idaho 872, 477 P.2d 495 (1970). *Also see* Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed. 2d 747 (1970).

17. *See* Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

18. Pulver v. State, *supra* n. 3; Larsen v. May, *supra* n. 4.