603 P.2d 1005

**Jack Harold KRAFT, Petitioner-Appellant,**

v.

**STATE of Idaho, Defendant-Respondent.**

No. 13121.

Supreme Court of Idaho.

Dec. 6, 1979.

Randy J. Stoker of Kvanvig, Stoker & Stanger, Twin Falls, for petitioner-appellant.

David H. Leroy, Atty. Gen., Warren Felton, Deputy Atty. Gen., Boise, for defendant-respondent.

Before DONALDSON, C. J., SHEPARD and BAKES, JJ., and MAYNARD and THOMAS, JJ. Pro Tem.

PER CURIAM.

This appeal stems from a post-conviction proceeding in the Fifth Judicial District Court, in and for Twin Falls County, wherein the petitioner was denied requested relief. Actually, this is the third time this Court has considered the conviction, in December, 1973, of the petitioner-appellant, Jack Harold Kraft, of the crime of rape. That rape was committed in Twin Falls County in July, 1973. In September of that same year, Kraft was convicted of a burglary committed the same night in July, 1973, also in Twin Falls County. At the time of his trial on the rape charge, the petitioner was committed to the Idaho State Correctional Institution on his conviction of the burglary charge. Following his conviction of rape, appellant was sentenced to ten years in the Idaho State Correctional Institution with such sentence to run consecutively to the burglary sentence.

Petitioner appealed his conviction on the rape charge to this Court; the matter was heard and the conviction was affirmed. See *State v. Kraft*, 96 Idaho 901, 539 P.2d 254 (1975). In that appeal appellant raised the issue that he was denied effective assistance of counsel. Appellant indicated four areas wherein he deemed his trial counsel to have been ineffective. This Court found the assistance rendered by counsel to have been reasonably competent and affirmed the conviction in all other respects. In a special concurrence, Justice Bakes opined that he would reserve for a subsequent post-conviction hearing the issue of competence of counsel. This same

question was discussed in *State v. Ruth*, 98 Idaho 879, 574 P.2d 1357 (1978). The quandary facing an appellant who raises the question of competence of counsel at trial as a basis for direct appeal is set forth as follows:

Justice Bakes in the first appeal by Kraft on the rape charge initially observed:

"The resolution of those factual issues for the first time upon appeal, based upon a trial record in which competency of counsel was not at issue, is at best conjectural." *Kraft*, 96 Idaho at 906, 539 P.2d at 259.

In the *Ruth* case Justice Bistline adds in a concurrence:

"If, on appeal, counsel prematurely raises the competency of counsel issue and gains an adverse determination in this Court, he may very well subject himself to like charges of incompetency—keeping in mind the threat of *res judicata* should the client later seek to have his claim of incompetence of trial counsel heard at a post conviction proceeding. On the other hand, there is an equal threat of later being told that competency of counsel should have been raised on direct appeal whenever appeal counsel is other than trial counsel." *Ruth*, 98 Idaho at page 881, 574 P.2d at page 1359.

Following his direct appeal, appellant filed an application for post-conviction relief under the Uniform Post-Conviction Procedure Act, I.C. §§ 19–4901 to 19–4911. A hearing on the application was held in the Fifth District Court on June 4, 1976. The district court denied the appellant relief and he appealed. That appeal was dismissed as being premature because the trial court had not entered findings of fact and conclusions of law pursuant to I.C. § 19–4907. On October 5, 1978, findings of fact and conclusions of law supporting the trial court's decision were rendered and this appeal now ensues.

Appellant assigns two errors by the district court: first, the trial court's failure to find following the post-conviction hearing that he had been denied reasonably competent assistance of counsel before and during his trial on the rape charge; and, second, the order that appellant's sentence should run consecutively to, rather than concurrently with, his burglary sentence.

All questions bearing upon the competency of counsel were heard on the previous appeal to this Court, except for appellant's complaint that his counsel only met with him for 35 minutes three days prior to the trial. The record does not contain appellant's allegations as to what a competent attorney would have done and what was in fact done by counsel in this case. The burden is on the appellant to make such a showing in his post-conviction appeal. On the strength of a prior ruling of this Court, *Larsen v. May*, 93 Idaho 602, 468 P.2d 866 (1970), the trial court held that, this Court having once passed upon his contentions, the same claims now were precluded by the rule of *res judicata*.

The rationale behind *res judicata* has been set forth by this Court as follows:

"This expectation that entire controversies will be presented and that all relevant material will be produced has long been the rule in Idaho: 'We think the correct rule to be that in an action between the same parties upon the same claim or demand, the former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim *but also as to every matter which might or should have been litigated in the first suit.*' (Emphasis added.) *Joyce v. Murphy Land Etc. Co.*, 35 Idaho 549, 553, 208 P. 241, 242 (1922)." *Ramseyer v. Ramseyer*, 98 Idaho 554, 556, 569 P.2d 358, 360 (1977).

The same rationale that there should be some finality to litigation is also found in the Uniform Post-Conviction Procedure Act of this state:

"(a) Any person who has been convicted of, or sentenced for, a crime and who claims:

. . . . .

"(4) that there exists evidence of material facts, *not previously presented and heard*, that requires vacation of the con-

viction or sentence in the interest of justice;

.   .   .   .   .

.   .   .   may institute, without paying a filing fee, a proceeding under this Act to seek relief." (Emphasis added.) I.C. § 19–4901.

Further, I.C. § 19–4908 states:

"All grounds for relief available to an applicant under this Act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the Court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application."

The trial court focused its attention upon the purported lack of time of preparation by trial counsel at the initial trial on the rape charge and was not persuaded that the mere lack of time spent in interviewing was conclusive evidence of incompetence. Appellant on the other hand places reliance upon this Court's statement in *Tramel v. State*, 92 Idaho 643, 448 P.2d 649 (1968), to the effect that a petitioner's allegations must be deemed true, no matter how incredible they may appear to the trial court or reviewing court, until they are controverted by the State. Since the State failed to put on evidence in the post-conviction hearing below, appellant now states that the Court must accept the fact that a mere brief interview with the appellant before trial constitutes incompetence.

█ In such a situation, under *Tramel*, this Court must accept the petition's allegations as true, but need not accept its conclusions. In other words, this Court concurs with the trial court that a brief interview is not *conclusive* evidence of incompetence. The record below is replete with evidence that the appellant could not furnish the name of any possible witness to his defense counsel and that he so admitted to the trial court when he asked for a continuance at the commencement of the trial. We have examined the record to find evidence of prejudice resulting thereby to the defendant, but are unable to find such. Hence having raised the issue of competence of counsel on direct appeal, the appellant cannot again have the same matter considered further by this Court on appeal from the denial of a post-conviction application. If he chooses to raise the issue on direct appeal and the matter is considered, it becomes *res judicata*. However, he may reserve this issue more properly for a post-conviction hearing. This comports with the purpose of the Uniform Post-Conviction Procedure Act as set forth in I.C. § 19–4901(b):

"This remedy is not a substitute for nor does it affect any remedy incident to the proceeding in the trial court, *or of an appeal from the sentence or conviction.*" (Emphasis added.)

█ Hence, it is conceivable that the appellant may have a direct appeal pending on purported errors that arose during the trial, as shown by the record, and at the same time pursue the question of whether he was denied effective assistance of counsel in a post-conviction hearing as to matters arising outside of the record.

Once having made his choice he must then bear the burden of that choice. This Court in *Larsen v. May*, 93 Idaho 602, 468 P.2d 866 (1970), cited *Heard v. United States*, 136 U.S.App.D.C. 100, 419 F.2d 682 (D.C.Cir.1969) as authority for the proposition that a client bears the risk when his attorney proceeds under an erroneous assumption of law. The facts in *Heard* are very similar to those of the instant case.

█ The issue of the district court's authority to sentence the appellant to consecutive sentences is controlled by *State v. Lawrence*, 98 Idaho 399, 565 P.2d 989 (1977) and need not be considered at this time.

Judgment affirmed.