**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50590**

| | |
|---|---|
| JAIME DEAN CHARBONEAU, | ) |
| | ) **Filed: July 9, 2024** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael J. Reardon, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Greg S. Silvey, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge Pro Tem

Jaime Dean Charboneau appeals from a judgment summarily dismissing his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Charboneau and the victim were in a dating relationship. Approximately two weeks after the victim ended the relationship, she returned to her home after a night out to find Charboneau in her bedroom, crouching on the floor, and pointing a loaded and cocked crossbow at her. Charboneau told her that she had caused the situation, which was "going to be bad." She managed to escape with her small dog and ran to the home of a neighbor. Charboneau also fled the residence and ran to a car he had parked in a nearby field. He discarded the crossbow and its bolts and drove away. While driving away, he called police dispatch and claimed to have been kidnapped and held against his will by the victim and an accomplice. After investigating, police arrested Charboneau

and he was charged with burglary and aggravated assault with a deadly weapon. Counsel was appointed for Charboneau but, on the eve of trial, he decided to proceed pro se after numerous *Faretta*[1] warnings. Charboneau was found guilty. On direct appeal, Charboneau's judgment of conviction was affirmed in an unpublished opinion. *See State v. Charboneau*, Docket No. 46552 (Ct. App. May 19, 2020). He then filed a pro se, handwritten verified petition for post-conviction relief. The petition was nineteen pages long, but the attached affidavit and exhibits added another 1015 pages and alleged numerous claims for relief. Counsel was appointed to represent Charboneau and filed a notice of intent to proceed on the pro se petition, stating that there were "no further claims to justify an Amended Petition and [Charboneau] intends to proceed on the original petition as filed." The State filed an answer and a motion for summary dismissal and memorandum of law in support. Charboneau filed a memorandum in opposition to the State's motion for summary disposition, and the State filed a reply. After oral argument, the district court granted the State's motion for summary dismissal in a written order. Charboneau appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence

---

[1]     *See Faretta v. California*, 422 U.S. 806 (1975).

supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of

3

material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

On appeal, Charboneau argues that the district court erred by summarily dismissing his petition because he did not receive proper notice of the grounds for dismissal. Alternatively, he argues that one of his claims--that he was forced to choose between being represented by ineffective trial counsel or proceeding pro se--should not have been dismissed.

Charboneau argues that the State's motion for summary dismissal did not provide proper notice pursuant to I.C. § 19-4906(c). The notice requirement of I.C. § 19-4906(c) is met if the notice is sufficient that the other party cannot assert surprise or prejudice. *DeRushé*, 146 Idaho at 601, 200 P.3d at 1150. Because a post-conviction proceeding is governed by the Idaho Rules of Civil Procedure, a motion for summary dismissal must, pursuant to I.R.C.P. 7(b)(1), state the grounds for dismissal with particularity. *Id.* For example, to prevail on an ineffective assistance of counsel claim, a defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). Reasonable particularity only requires pointing out that there is a lack of evidence showing deficient performance or prejudice. *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151. It does not require explaining what further evidence is necessary to substantiate a petitioner's claim. *Id.* If a petitioner believes the grounds for dismissal alleged by the State in its motion for summary dismissal are insufficient, he or she must object in the court below. *Kelly*, 149 Idaho at 522 n.1, 236 P.3d at 1282 n.1. A petitioner for post-conviction relief cannot challenge the sufficiency of the State's grounds for dismissal for the first time on appeal. *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151.

However, a petitioner may assert for the first time on appeal that his or her post-conviction claims were dismissed without any notice at all. *Kelly*, 149 Idaho at 522, 236 P.3d at 1282.

The State's motion for summary dismissal was filed on August 31, 2022. The motion identified Charboneau's claims of ineffective assistance of counsel as being subject to dismissal for failure to raise a genuine issue of material fact regarding both deficient performance and resulting prejudice.[2] The State's memorandum in support of the motion also addressed the lack of evidence to support Charboneau's claims of ineffective assistance of counsel for lack of pretrial investigation as follows:

> The majority of [Charboneau's] assertions in his petition are just that--mere conclusory allegations, unsupported by admissible evidence. His exhibits appear to be duplicates of the hand-written motions he made prior to trial, the complaints he made to the State Bar, minutes and other documents related to his prior murder case, and various pages of the discovery that he made notes on. Dismissal of a petition is proper where the evidence disproves the essential elements of the applicant's assertions or where the evidence does not support relief to the applicant as a matter of law. *Cooper v. State*, 96 Idaho 542, 545, 531 P.2d 1187, 1190 (1975). Here the evidence (the underlying court record of which this Court has taken judicial notice of), belies the unsupported claims of [Charboneau].

At this point, Charboneau would have been on notice that the State challenged his claim of ineffective assistance of counsel for failure to raise a genuine issue of material fact as to deficient performance and resulting prejudice.

On September 21, 2022, Charboneau's post-conviction counsel filed a memorandum opposing the State's motion. Replying to the State's argument, the memorandum addressed Charboneau's claim in his petition that, because of his trial counsel's deficient performance, Charboneau had been "forced into a dilemma requiring him to choose between incompetent counsel and representing himself" pro se. He alleged that his attorney "failed to make meaningful visits with Charboneau to engage in serious minded discussions" and that the visits consisted of "psychological manipulation sessions meant to coerce Charboneau into agreeing to an ill-advised . . . guilty plea." He also argued that his counsel had "failed to conduct a reasonable and timely investigation," to the point that prejudice should be presumed because counsel was so uninvolved

---

[2]     The motion also asserted that Charboneau's petition was untimely. The district court resolved that issue in Charboneau's favor by application of the "mailbox rule." *See, e.g., Munson v. State*, 128 Idaho 639, 643, 917 P.2d 796, 800 (1996).

with the case that Charboneau was denied his right to counsel. Charboneau argued that he did not freely choose to represent himself; rather, he had no desire to do so but was forced into that position because of his attorney's ineffective representation.

On October 3, 2022, the State filed a reply which responded in more detail to Charboneau's ineffective assistance of counsel claims, including his attorney's failure to prepare a witness list, failure to conduct meaningful visits, and failure to investigate a conspiracy.[3] The reply also made reference to some of Charboneau's claims which were properly subjects of direct appeal. The reply also noted that there existed no factual or legal basis for the presumption of prejudice which had been argued by Charboneau.

Argument on the State's motion was held on November 17, 2022. The State noted that Charboneau's claims fell into two categories: (1) those that were barred by I.C. § 19-4901 because they could have been raised on direct appeal; and (2) claims of ineffective assistance of trial counsel. The State then addressed the claims in Charboneau's petition in considerably more detail than it had in the pleadings. Charboneau's counsel offered argument on the merits of the petition but did not object to a lack of notice of the State's claims. The district court entered a written order ruling, *inter alia*, that many of Charboneau's claims should have been raised on direct appeal. The district court dismissed Charboneau's petition concluding:

> Dismissal of a petition is proper where the evidence disproves the essential elements of the applicant's assertions or where the evidence does not support relief to the applicant as a matter of law. *Cooper v. State*, 96 Idaho 542, 545, 531 P.2d 1187, 1190 (1975). Here, the evidence (the underlying court record of which this Court has taken judicial notice of) contradicts the unsupported claims of [Charboneau]. As [Charboneau] has failed to provide the Court with any evidence supporting his allegations, no issue of material fact, genuine or otherwise, exists.

Charboneau's argument that he was not provided sufficient notice of the State's claims was not preserved for appeal. At no point did Charboneau object to sufficiency of notice or that the State's argument became more detailed after the initial response to the petition. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). More specifically, an appellant may not challenge the

---

[3]    Charboneau apparently believes there is a conspiracy among deputy attorney generals, prosecutors, judges, a police detective and members of a religious denomination to convict him, apparently as part of a plot to establish that denomination as Idaho's official religion.

6

sufficiency of the notice contained in the State's motion for summary disposition and accompanying memoranda, for the first time on appeal. *Kelly*, 149 Idaho at 521-22, 236 P.3d 1281-82.

Even if we were to address the alleged insufficiency of notice, Charboneau would not prevail. From the outset, the State argued that Charboneau's claims of ineffective assistance of counsel and resulting prejudice were not supported by admissible evidence. Charboneau was, therefore, provided adequate notice of the State's claims. Reasonable particularity only requires pointing out that there is a lack of evidence showing deficient performance or prejudice. *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151. Even now, Charboneau has failed to point to such evidence in the record, particularly as to prejudice.

Alternatively, Charboneau argues that he was forced to decide between being represented by ineffective appointed trial counsel and representing himself. He claims that his appointed counsel was not preparing for trial and was, instead, trying to get him to plead guilty. As grounds for relief Charboneau cites Idaho Rules of Professional Conduct (I.R.P.C.) 12 which provides in part that "in a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive a jury trial and whether the client will testify." In his petition, Charboneau claimed that his counsel did not adequately prepare for trial and tried to persuade Charboneau to plead guilty. He did not claim that his counsel did not intend to abide by Charboneau's decision to go to trial nor did he present any evidence that his counsel would not have taken the case to trial. It is not ineffective for counsel to advise a client to plead guilty nor does it violate I.R.P.C. 12. Rather, the district court found that Charboneau decided to proceed pro se after a hearing in which, "after multiple *Faretta* warnings," the district court determined that, "up to then, there was no basis on which it could conclude that [counsel] had not acted competently and that Charboneau "elected nonetheless to fire [counsel] and proceed to trial representing himself." Even now, Charboneau has failed to cite to any evidence in the record that counsel was ineffective for advising Charboneau to plead guilty or that counsel actually failed to prepare for trial. Instead, Charboneau argues for the first time on appeal, without any supporting evidence, that the district court "did not seem to recognize" that the decision whether to go to trial was his and not counsel's. This claim is based upon a portion of the district court's order granting the State's motion for summary dismissal:

> From [Charboneau's] own allegations it appears that his pre-trial counsel understood what the evidence would likely show, the risks that existed by taking the case to trial and attempted to counsel [Charboneau] in such a way as to have the best chance of avoiding the most extreme consequences. [Charboneau] was entitled to competent counsel. He is not constitutionally guaranteed to be appointed counsel that agrees with his perspective of the case, or one that abandons his professional responsibility to give advice that the attorney reasonably believes to be in the client's best interests. [Charboneau's] unwillingness to follow that advice does not make counsel's performance deficient. As noted with approval in *State v. Priest*, 128 Idaho 6, [909 P.2d 624] (Ct. App. 1995), "We agree with the district court's observation that a criminal defendant may not compel the court to appoint a new attorney by refusing to cooperate with his existing attorney or otherwise manufacturing his own conflict." *Id*[, at 11, 909 P.2d at 629].

Nothing in the district court's order, or elsewhere in the record, suggests that it believed that the decision whether to go to trial was not Charboneau's alone. The district court observed that Charboneau's decision to go to trial, when his attorney had advised him to plead guilty, *was* Charboneau's decision alone (after consulting with counsel) and that Charboneau, having decided to reject counsel's advice, could not then complain that the advice was deficient. Charboneau's claim that he is entitled to relief because his attorney violated I.R.P.C. 12 or was otherwise ineffective fails because Charboneau has failed to show both deficient performance and resulting prejudice.

## IV.

## CONCLUSION

Charboneau has failed to demonstrate error in the district court's dismissal of his petition for post-conviction relief. Accordingly, the judgment summarily dismissing Charboneau's petition for post-conviction relief is affirmed.

Judge HUSKEY and Judge TRIBE, **CONCUR**.